CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

from the other party any  employee or contractor, through solicitation or otherwise; provided, that

the foregoing shall not prevent the hiring of an employee through the engagement of a recruiting

firm or a public general advertisement, to the extent that such efforts are not specifically directed

at employees of the other party."

78.     In breach of that contract, and on behalf of FusionStorm, Varel, Serpico and other

FusionStorm employees and/or agents, actively recruited and extended offers to numerous key

MTI employees, and began doing so simultaneously with or shortly after entering into the

FusionStorm Agreement. Defendants used MTI's confidential and/or proprietary information that

they were granted access to pursuant to their Confidentiality Agreement to recruit and solicit

MTI's employees on behalf of FusionStorm, while they were still employees of MTI.

FusionStorm, contacted the MTI employees through emails, telephone, blackberry, and/or through

fellow MTI co-workers, going so far as to advise the MTI employees to submit their resumes on-

line to FusionStorm's employment web-site, in order to avoid any breach of its agreement with

MTI.  Eleven of these employees working in MTI's east coast division accepted Varel's offers and

defected to FusionStorm.

79.     Also in breach of that contract, on information and belief, FusionStorm and/or

Varel and Serpico, on behalf of FusionStorm induced, ratified, and approved defendants' Franz,

Linsky's, Bocchinfuso's and Prestininzi's solicitations of MTI employees, in which they had

engaged in violations of their duties to MTI.

**AFTER RECEIVING MTI'S JULY 13, 2007 DEMAND LETTER, FUSIONSTORM**

**CONTINUED TO SOLICIT MTI'S EMPLOYEES, AND MISREPRESENTED IN OFFER**

**LETTERS TO THOSE EMPLOYEES THAT AN OFFICER OF MTI HAD JOINED**

**FUSIONSTORM**

80.     MTI learned that FusionStorm was illegally soliciting its employees and on July 13,

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

2007, MTI demanded in a letter to FusionStorm, that defendants refrain from soliciting MTI employees in violation of their contractual and legal obligations. MTI is informed and believes that defendants refused, and continued to refuse to comply with their contractual and legal obligations, and that defendants persisted in their attempts to raid MTI's employees and to decimate MTI's business operations.

81.     In particular, MTI learned that FusionStorm gave Tom Tar, an MTI employee, an offer letter of employment dated July 18, 2007, which stated that Tar's supervisor at FusionStorm would be "Richard Bocchinfuso, Vice President of Technology, EMC Solutions." Significantly, as of July 18, 2007, Bocchinfuso was *MTI's* Chief Technology Officer.  In fact, on July 18, 2007, Bocchinfuso was attending a highly confidential strategy update meeting in Boston, with MTI's CEO, Thomas P. Raimondi and Keith Clark, EVP Europe and World Wide Field Operations. Bocchinfuso had not notified MTI of any intention to resign on or before the date of Tar's FusionStorm offer letter, nor had Bocchinfuso informed MTI's officers or managers of such an intention on or before that date.

82.     Further, that FusionStorm intended to give Bocchinfuso the title "Vice President of Technology, *EMC Solutions*" supports MTI's informed understanding that, by its raid of MTI, FusionStorm intended to expand its EMC-solution offerings. MTI sells and services EMC solutions almost exclusively, and was 4 years into a 6-year "EMC exclusive" contract.  This EMC contract allowed MTI to have phenomenal account infiltration, and rapid revenue growth, in the marketplace.  Bocchinfuso's intended title at FusionStorm shows that FusionStorm intended to obtain MTI's  well-established EMC practice by raiding MTI, instead of obtaining such a practice by lawful means.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## FIRST CLAIM FOR RELIEF

### (Breach of Contract - Against Defendants FusionStorm)

83.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 82 above.

84.    On or about June 19, 2007, MTI and FusionStorm entered into a written Mutual Confidentiality Agreement, a copy of which is attached hereto as **Exhibit "R."**

85.    Defendant Varel signed that contract on FusionStorm's behalf.

86.    MTI has fully performed all obligations pursuant to that contract except those obligations MTI was prevented or excused from performing.

87.    FusionStorm breached that contract by various acts commencing on or about June 19, 2007, which include the following:

a.    Intentionally targeting for recruitment MTI's employees; and

b.    Using MTI's confidential and/or proprietary information to recruit and solicit MTI's employees and customers.

88.    As a direct and proximate result of FusionStorm's breach of the Mutual Confidentiality Agreement, MTI has been damaged in an amount to be proven at trial, but not less than $1 million.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract - Against Defendants Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias, Franz, Linsky, Owen, Park, Prestininzi, and Tar)

89.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 88, above.

90.    MTI, and each of the defendants Bocchinfuso, Butts, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar, entered into written Confidentiality and

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

Nondisclosure Agreements, Use and Compliance Agreements and other agreements, as fully set forth above.

91.     MTI has fully performed all obligations pursuant to those contracts except those obligations MTI was prevented or excused from performing.

92.     As stated above, each of the defendants breached their respective contracts by various acts, including but not limited to, soliciting MTI employees and customers on behalf of FusionStorm, deleting MTI's proprietary information from their laptops, and improperly retaining MTI's proprietary information, commencing on an exact date unknown to MTI, but at least since May, 2007.

93.     As a direct and proximate result of each defendant's breach of contract, MTI has been damaged in an amount to be proven at trial but not less than $1 million.

### THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty -Against Defendant Bocchinfuso)

94.     MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 93, above.

95.     Bocchinfuso was employed as MTI's Chief Technical Officer.  As an officer of the corporation, he therefore owed MTI a fiduciary duty of loyalty, including without limitation, the duty to refrain from activities or conduct that would compete with or otherwise harm MTI's business.

96.     By engaging in the acts set forth above, instead of discharging his fiduciary obligations to MTI by being loyal, honest and acting in the best interests of MTI, Bocchinfuso disregarded the interests of MTI and acted in his own self-interest, as alleged above, knowing that his actions would have a detrimental effect on the business and affairs of MTI and would result in damage to MTI.  Bocchinfuso breached his duty of loyalty to MTI, by various acts commencing

1    on an exact date unknown to MTI but at least since June, 2007.

2        97.    As a direct and proximate result of Bocchinfuso's breach of fiduciary duty of

3    loyalty, MTI was damaged by, the loss of no less than approximately eleven (11) employees,

4    which constituted substantially all of the East Coast Division, interference with MTI's business,

5
6    and damage to its reputation in the east and west coast markets, and ultimately to the entire

7    company.

8        98.    The foregoing acts were willful, malicious and with a conscious disregard for the

9    rights and welfare of MTI and were performed with the intent to damage MTI's business.  MTI is

10   therefore entitled to an award of exemplary damages in an amount of at least $1,000,000.00

11   according to proof at trial.

12                          **FOURTH CLAIM FOR RELIEF**

13
14        **(Breach of Common Law Duty of Loyalty - Against Defendants Franz, Butts,**

15       **Bocchinfuso, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)**

16       99.    MTI realleges and incorporates by reference as though fully set forth herein each

17   and every allegation of paragraphs 1 through 98, above.

18       100.   While employed at MTI, defendants owed an undivided common-law duty of

19   loyalty to MTI to affirmatively protect, preserve, and enhance MTI's interest to refrain from doing

20   anything that would work injury to MTI, or that would deprive MTI of profit or advantage that his

21
22   skill and ability may bring to MTI.

23       101.   Defendants, and each of them, engaged in conduct, as alleged herein, likely to

24   injure MTI or to benefit himself and/or MTI's competitors, at the expense of MTI and in breach of

25   their duty of loyalty to MTI.

26       102.   Defendants' breach of their duty of loyalty caused actual harm to MTI and as a

27   direct and proximate result of the foregoing breach of loyalty, MTI has been damaged in an

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

-25-

amount to be proven at trial but no less than $1,000,000.00.

103. Defendants' conduct as alleged herein was willful and malicious and performed with the intent to damage MTI's business and to benefit themselves at MTI's expense. MTI is therefore entitled to an award of exemplary or punitive damages according to proof at trial.

## FIFTH CLAIM FOR RELIEF

**(Breach of Statutory Duty of Loyalty - Against Defendants Franz, Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)**

104. MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 103, above.

105. While employed at MTI, Defendants owed a duty of loyalty to MTI to affirmatively protect, preserve, and enhance MTI's interests, and to refrain from doing anything that would cause injury to MTI, or that would deprive MTI of profit or advantage that his skill and ability may bring to MTI. This duty is codified in California Labor Code sections 2856-2863.

106. Defendants engaged in conduct, as alleged herein, likely to injure MTI or to benefit themselves and/or MTI's competitors, at the expense of MTI and in breach of their duty of loyalty to MTI.

107. Defendants' breach of their duty of loyalty caused actual harm to MTI as a direct and proximate result of the foregoing breach of loyalty MTI has been damaged in an amount to be proven at trial but not less than $1 million.

108. Defendants' conduct as alleged herein was willful and malicious and performed with the intent to damage MTI's business and to benefit themselves at MTI's expense. MTI is therefore entitled to an award of exemplary or punitive damages according to proof at trial.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Contract - Against Defendants FusionStorm, Serpico and Varel)

109.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 108, above.

110.    MTI had enforceable at-will contracts with its employees.

111.    Upon information and belief, FusionStorm, Serpico and Varel had full knowledge of the at-will contracts between MTI and the MTI employees, whom FusionStorm, Serpico and Varel recruited and solicited.

112.    Defendants FusionStorm, Serpico and Varel engaged in intentional acts designed to induce a breach or disruption of these at-will contracts.

113.    An actual breach or disruption of the contractual relationships occurred.

114.    FusionStorm's, Serpico's and Varel's actions were undertaken willfully, with malice and conscious disregard for MTI's rights. The actions of FusionStorm were approved, ratified, and/or performed by the officers and directors of FusionStorm, including defendants Varel and Serpico. MTI is therefore entitled to an award of exemplary or punitive damages according to proof at trial.

115.    As a direct and proximate result of the actions taken by the defendants FusionStorm, Serpico and Varel to interfere with the contracts between MTI and its employees, MTI has been damaged in an amount to be proven at trial but no less than $1,000,000.00.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Interference with Contract - Against Defendant Franz, Linsky, Prestininzi, and Bocchinfuso)

116.    MTI realleges and incorporates by reference as though fully set forth herein each

-27-

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  and every allegation of paragraphs 1 through 115, above.

2      117.    MTI had enforceable at-will contracts with its employees.

3      118.    Upon information and belief, defendants had full knowledge of the at-will contracts

4  between MTI and the MTI employees whom defendants recruited and solicited, on FusionStorm's

5  behalf.

6

7      119.    Defendants' intentional acts were designed to induce a breach or disruption of the

8  contractual relationship with these at-will contracts.

9      120.    An actual breach or disruption of the contractual relationships occurred.

10     121.    Defendants' actions were undertaken willfully, with malice and conscious

11  disregard for MTI's rights.  Defendants' actions were approved and/or ratified by the officers and

12  directors of FusionStorm, including defendant Varel. MTI is therefore entitled to an award of

13  exemplary or punitive damages according to proof at trial.

14

15     122.    As a direct and proximate result of the actions taken by Defendants, MTI has been

16  damaged in an amount to be proven at trial but not less than $1,000,000.00.

17                          **EIGHTH CLAIM FOR RELIEF**

18     **(Intentional Interference with Prospective Economic Advantage - Against all Defendants)**

19     123.    MTI realleges and incorporates by reference as though fully set forth herein each

20  and every allegation of paragraphs 1 through 122, above.

21

22     124.    MTI had, and continued to have, ongoing and prospective economic relationships

23  with its customers, which included the probability of future economic rewards for MTI.  MTI also

24  had a prospective economic relationship with INX, which included the probability of a

25  $21,000,000 transaction.

26     125.    Defendants knew of these ongoing and prospective economic relationships between

27  MTI and its customers, as well as the prospective transaction with INX.  Defendants also knew of

28

-28-

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  the resulting actual and/or potential benefits these relationships, and the prospective INX

2  transaction, conferred upon MTI.

3      126.   Defendants engaged in intentional acts designed to disrupt MTI's economic

4  relationships.

5      127.   Defendants' interference with MTI's prospective economic advantage was

6  independently unlawful as alleged here, including without limitation, the breach of duty of loyalty

7  by defendants Franz, Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park,

8

9  Prestininzi, and Tar, and the misappropriation, disclosure and use of MTI's trade secrets, and

10  breach of Mutual Confidentiality Agreement by Defendants FusionStorm and Varel.

11      128.   As a direct and proximate result of Defendants' unlawful conduct, MTI has been

12  damaged in an amount to be proven at trial but not less than $1,000,000.00.

13      129.   Defendants' actions were undertaken willfully, with malice and conscious

14

15  disregard for MTI's rights, and designed with the intent to damage MTI.  MTI is therefore entitled

16  to an award of exemplary or punitive damages according to proof at trial.

17                **NINTH CLAIM FOR RELIEF**

18         **(Violation of California Business and Profession Code §17200 –**

19                  **Against all Defendants)**

20      130.   MTI realleges and incorporates by reference as though fully set forth herein each

21  and every allegation of paragraphs 1 through 129, above.

22

23      131.   Business and Professions Code §17200, et seq. provides as follows: "unfair

24  competition shall mean and include any unlawful, unfair or fraudulent business act or practice and

25  unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

26  (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

27      132.   Defendants have engaged in unfair competition in violation of Business and

28

-29-

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  Professions Code § §17200, et seq., by engaging in activities that are unlawful, and unfair.

2      133.    As a direct and proximate result of defendants' unfair competition as alleged

3  herein, MTI suffered damages and Defendants have been unjustly enriched, in an amount

4  according to proof at trial.

### TENTH CLAIM FOR RELIEF

**(Violation of California's Uniform Trade Secret Act - Against all Defendants)**

134.    MTI realleges and incorporates by reference as though fully set forth herein each
and every allegation of paragraphs 1 through 133, above.

135.    California Civil Code §§3426-3426.11 provides that in order to prove that
information is a "trade secret," plaintiff must establish all of the following: (1) The information is
a formula, pattern, compilation, program, device, method, technique, process, or some other type
of information; (2) that the information is a secret; that the information actually or potentially
valuable, giving plaintiff substantial business advantage over its competitors, because it is a secret;
and (4)  that plaintiff has made reasonable efforts to keep the information secret.

136.    MTI owns the trade secrets that were misappropriated by defendants, and each of
them.

137.    The information, as detailed above, pertaining to each customer, constitutes a trade
secret.

138.    Defendants, and each of them, were in possession of MTI trade secrets.

139.    The subject trade secrets derive independent economic value from not being
generally known to the public or to other persons who can obtain economic value from its
disclosure or use.

140.    MTI's trade secrets are subject to efforts that were reasonable under the
circumstances to maintain their secrecy.

141.   Defendants improperly acquired, used, and/or disclosed said trade secrets.

142.   By virtue of defendants' misappropriation of MTI's trade secrets, MTI has suffered damages as a consequence of defendants' conduct for which Defendants are liable, including but not limited to the loss of profits in an amount to be proven at trial, but not less than $3,000,000.00.

## ELEVENTH CLAIM FOR RELIEF

### (Breach Of Covenant Of Good Faith And Fair Dealing - Against FusionStorm)

143.   MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 142, above.

144.   On or about June 19, 2007, MTI and FusionStorm entered into a written Mutual Confidentiality Agreement.

145.   Defendant Varel signed that contract on FusionStorm's behalf.

146.   MTI has fully performed all obligations pursuant to that contract except those obligations MTI was prevented or excused from performing.

147.   Implied within the agreement between MTI and FusionStorm are covenants of good faith and fair dealing.

148.   As a result of the agreements entered into between MTI and FusionStorm, FusionStorm owed MTI a duty of good faith and fair dealing.   MTI fully expected that FusionStorm would abide by the contract and refrain from targeting MTI employees for recruitment and MTI customers to solicit for business.

149.   FusionStorm knowingly and intentionally, breached its duty of good faith and fair dealing by various acts commencing on or about June 19, 2007, which include the following:

a.   Intentionally targeting for recruitment MTI's employees, including advising MTI employees to submit their resignations on-line to FusionStorm for the purposes of hiding its solicitation of MTI's employees; and

-31-

b.       Using MTI's confidential and/or proprietary information to recruit and solicit MTI's employees and customers.

150.    As a direct and proximate result of FusionStorm's breach of the covenant of good faith and fair dealing implied in the Mutual Confidentiality Agreement, MTI has been damaged in an amount to be proven at trial, but not less than $1,000,000.00.

151.    FusionStorm's conduct in breaching the duty of good faith and fair dealing was oppressive, fraudulent and malicious such that MTI is entitled to recover exemplary and punitive damages against defendants in an amount to be determined according to proof at trial, but in any event an amount at least three times MTI's actual damages.

## TWELFTH CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing - Against Defendants Butts, Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)

152.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 151, above.

153.    MTI and each of the defendants Butts, Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar entered into written Confidentiality and Nondisclosure Agreements, Use & Compliance Agreements, and other employment agreements, as set forth above.  MTI had the expectation that its employees would abide by their duty to keep all MTI trade secrets confidential, and would not use that information to compete against MTI. MTI fully explained and disclosed that it considered all of the customer information confidential. In addition, MTI's employment agreements set forth that MTI employees would refrain from any solicitation of MTI employees for any competitors.

154.    Implied within the agreements between MTI and defendants Butts, Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar, are covenants of good faith and fair dealing.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

-32-

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

155.    As a result of the agreements entered into between MTI and Butts, Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar, each of them owed MTI a duty of good faith and fair dealing.

156.    MTI has fully performed all obligations pursuant to that contract except those obligations MTI was prevented or excused from performing.

157.    Each of the defendants breached their duties of good faith and fair dealing by various acts commencing on an exact date unknown to MTI but at least since May, 2007, including but not limited to the following:

a.    Conspiring with other employees and/or FusionStorm to solicit MTI employees to leave MTI, to the detriment of MTI;

b.    Attending "secret" meeting(s) with FusionStorm to coordinate the entire group's defection from MTI to FusionStorm, while employed by MTI;

c.    Delaying the placing of pending orders from MTI customers, so that the defendants could place such orders with FusionStorm, instead, once their employment commenced, and

d.    Contacting MTI customers and soliciting MTI customers to move to FusionStorm.

158.    As a direct and proximate result of each defendant's breach of its duties, MTI has been damaged in an amount to be proven at trial but not less than $1,000,000.00.

159.    Defendants' conduct in breaching their respective duties of good faith and fair dealing was oppressive, fraudulent and malicious such that MTI is entitled to recover exemplary and punitive damages against each in an amount to be determined according to proof at trial, but in any event an amount at least three times MTI's actual damages.

-33-

## THIRTEENTH CLAIM FOR RELIEF

### (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 63 Filed By Christopher Butts- 11 U.S.C. § 502)

160.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 159, above.

161.    On November 13, 2007, Butts filed with the Court a proof of claim in the total amount of $5,202.92; such claim was designated by the Court as Claim No. 63 ("Butts' Claim"). A true and correct copy of **Claim No. 63** is attached hereto.

162.    The Debtor objects to Butts' claim because its books and records reflect that the following amounts were due: $4,160.92 priority and $540.44 non-priority.  These amounts were derived as follows:  The Debtor reviewed its books and records and determined Butts was owed unreimbursed expenses in the amount of $540.55, and commissions in the amount of $4,160.92.

163.    The Debtor has claims against Butts, as asserted herein, which would serve as a complete offset to Butts' Claim and therefore disputes that any amount should be paid Butts.

164.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law. Pursuant to 11 U.S.C. §502(d), the Court shall disallow any claim of any entity (a) from which property is recoverable under the turnover and preferential setoff provisions of the Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

165.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made.

166.    In this Thirteenth Claim For Relief, MTI objects to the whole of Butts' Claim of $5,202.92.  MTI requests the Court to sustain the objections referenced in this paragraph and to enter judgment in favor of MTI and against Butts by disallowing the amount stated herein, and as requested in the prayer for relief.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## FOURTEENTH CLAIM FOR RELIEF

### (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 96

### Filed By Marc Franz- 11 U.S.C. § 502)

167.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 166, above.

168.    On November 26, 2007, Franz filed with the Court a proof of claim in the total amount of $24,027.70; such claim was designated by the Court as Claim No. 96 ("Franz' Claim"). A true and correct copy of **Claim No. 96** is attached hereto.

169.    The Debtor objects to Franz' Claim because its books and records reflect that the following amounts were due: $10,950.00 priority and $7,695.00 non-priority. These amounts were derived as follows: The Debtor reviewed its books and records and determined that Franz was owed commissions in the amount of $18,645.00.

170.    The Debtor has claims against Franz, as asserted herein, which would serve as a complete offset to Franz' Claim and therefore disputes that any amount should be paid Franz.

171.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity (a) from which property is recoverable under the turnover and preferential setoff provisions of the Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

172.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made.

173.    In this Fourteenth Claim For Relief, MTI objects to the whole of Franz' Claim of $24,027.70. MTI requests the Court to sustain the objections referenced in this paragraph and to enter judgment in favor of MTI and against Franz by disallowing the amount stated herein, and as requested in the prayer for relief.

-35-

1

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTEENTH CLAIM FOR RELIEF

### (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 246 Filed By Robert Owen- 11 U.S.C. § 502)

174.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 173, above.

175.    On April 29, 2008, Owen filed a Proof of Claim. The Proof of Claim was amended with the Court in the total amount of $14,539.79; such amended claim was designated by the Court as Claim No. 246 ("Owen's Claim"). A true and correct copy of **Proof of Claim No. 246** is attached hereto.

176.    The Debtor has claims against Owen, as asserted herein, which would serve as a complete offset to Owen's Claim and therefore disputes that any amount should be paid Owen.

177.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity (a) from which property is recoverable under the turnover and preferential setoff provisions of the Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

178.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made.

179.    In this Fifteenth Claim For Relief, MTI objects to the whole of Owen's Claim of $14,539.79. MTI requests the Court to sustain the objections referenced in this paragraph and to enter judgment in favor of MTI and against Owen by disallowing the amount stated herein and as requested in the prayer for relief.

-36-

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## SIXTEENTH CLAIM FOR RELIEF

### (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 497

### Filed By Robert Linsky- 11 U.S.C. § 502)

180.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 179, above.

181.    On June 18, 2008, Linsky filed a Proof of Claim with the Court in the total amount of $129,839.63; such claim was designated by the Court as Claim No. 497 ("Linsky's Claim"). A true and correct copy of the Proof of **Claim No. 497** is attached hereto.

182.    The Debtor objects to Linsky's Claim because its books and records reflect that the following amounts were due: $10,950.00 priority and $30,079.76 non-priority.  These amounts were derived as follows:  The Debtor reviewed its books and records and determined that Linsky was commissions in the amount of $41,029.76.

183.    The Debtor has claims against Linsky, as asserted herein, which would serve as a complete offset to Linsky's Claim and therefore disputes that any amount should be paid Linsky.

184.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity (a) from which property is recoverable under the turnover and preferential setoff provisions of the Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

185.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made.

186.    In this Sixteenth Claim For Relief, MTI objects to the whole of Linsky's Claim of $129,839.63.  MTI requests the Court to sustain the objections referenced in this paragraph and to enter judgment in favor of MTI and against Linsky by disallowing the amount stated herein.

-37-

**PRAYER FOR RELIEF**

Wherefore, Plaintiff MTI requests the Court to grant it the following relief:

1.    <u>On The First Claim for Relief</u>

    a.   For compensatory damages according to proof.

2.    <u>On The Second Claim for Relief</u>

    a.     For compensatory damages according to proof.

3.    <u>On The Third Claim for Relief.</u>

    a.   For compensatory damages according to proof; and.

    b.   For punitive damages.

4.    <u>On The Fourth Claim for Relief</u>

    a.   For compensatory damages according to proof; and

    b.   For punitive damages.

5.    <u>On The Fifth Claim for Relief</u>

    a.   For compensatory damages according to proof; and

    b.   For punitive damages.

6.    <u>On The Sixth Claim for Relief</u>

    a.   For compensatory damages according to proof; and

    b.   For punitive damages.

7.    <u>On The Seventh Claim for Relief</u>

    a.   For compensatory damages according to proof; and

    b.   For punitive damages.

8.    <u>On The Eighth Claim for Relief</u>

    a.   For compensatory damages according to proof; and

    b.   For punitive damages.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

9.    On The Ninth Claim for Relief

a. For restitution of all sums unlawfully collected by the defendants from the plaintiff

10.    On The Tenth Claim for Relief

a. For compensatory damages according to proof.

11.    On The Eleventh Claim for Relief

a.    For compensatory damages according to proof.

b.    For punitive damages.

12.    On The Twelfth Claim for Relief

a.    For compensatory damages according to proof.

b.    For punitive damages.

13.    On the  Thirteenth Claim for Relief

a.    MTI's objection to the entirety of Butts' Claim of approximately $5,202.92 is sustained.

b.    Attorneys fees incurred by Debtor litigating the merits of Butts' Claim.

14.    On the Fourteenth Claim for Relief

a.    MTI's objection to the entirety of Franz' Claim of approximately $24,027.70 is sustained.

b.    Attorneys fees incurred by Debtor litigating the merits of Franz' Claim.

15.    On the Fifteenth Claim for Relief

a.    MTI's objection to the entirety of Owen's Claim of approximately $14,539.79 is sustained.

b.    Attorneys fees incurred by Debtor litigating the merits of Owen's Claim.

16.    On the Sixteenth Claim for Relief

a.    MTI's objection to the entirety of Linsky's Claim of approximately $129,839.63 is sustained.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

-39-

b.      Attorneys fees incurred by Debtor litigating the merits of Linsky's Claim

DATED: October _14_, 2009                          **Clarkson, Gore & Marsella, APLC**


By: _____
      Scott Clarkson
      Israel Saperstein
      Eve Marsella
      Attorneys for Plaintiff, Debtor and Debtor in
      Possession, MTI Technology Corporation