1 | NORMAN J. WATKINS (SBN #87327)
nwatkins@lynberg.com

2 | COURTNEY L. HYLTON (SBN #214929)
chylton@lynberg.com

3 | LYNBERG & WATKINS
A Professional Corporation

4 | 333 City Boulevard West, Suite 640
Orange, California 92868-5915

5 | (714) 937-1010 Telephone
(714) 937-1003 Facsimile

6 |

7 | Attorneys for All Defendants

```
┌─────────────────────────────┐
│          FILED              │
│                             │
│        DEC 11 2009          │
│                             │
│   CLERK U.S. BANKRUPTCY COURT │
│  CENTRAL DISTRICT OF CALIFORNIA │
│   BY:           Deputy Clerk │
└─────────────────────────────┘
```

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10 |

11 | In re:

CASE NO: 8:07-bk-13347-ES

12 | MTI TECHNOLOGY CORPORATION,
A Delaware Corporation,

Adv. No.: 8:09-01639-ES
Chapter 11

13 | Debtor and Debtor in Possession.

*Assigned for All Purposes to:*
*Hon. Erithe A. Smith*

14 |

15 | MTI TECHNOLOGY CORPORATION,
A Delaware Corporation,

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS OR STRIKE
PORTIONS OF PLAINTIFF'S**

16 | Plaintiff,

**COMPLAINT PURSUANT TO FRCP
12(b)(1), 12(b)(6), AND 12(f) OR IN THE**

17 |

vs.

**ALTERNATIVE, TO ABSTAIN FROM
HEARING ADVERSARY PROCEEDING**

18 |

FUSIONSTORM, A Delaware Corporation;

**UNDER 28 USC §1334(c)(1);
MEMORANDUM OF POINTS AND**

19 | JOHN VAREL, an individual; DANIEL R.
SERPICO, an individual, MARC FRANZ, an

**AUTHORITIES IN SUPPORT THEREOF;
[PROPOSED] ORDER**

20 | individual; CHRISTOPHER BUTTS, an
individual; RICHARD BOCCHINFUSO, an

Date:        March 18, 2010

21 | individual; MATTHEW DWYER, an
individual; JUSTIN GRIFFIN, an individual;

Time:        2:00 p.m.
Courtroom.:   5A

22 | ROBERT LINSKY, an individual; ROBERT
OWEN, an individual; HEEKI PARK, an

*Complaint filed: October14, 2009*

23 | individual; GREG PRESTININZI, an
individual; and, THOMAS TAR, an

24 | individual,

25 | Defendant.

26 |

27 | ///

28 | ///



---

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1

## TABLE OF CONTENTS

2

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 4

I.      INTRODUCTION. ............................................................................................................ 4

II.     STATEMENT OF FACTS. ............................................................................................. 4

III.    STATEMENT OF NON-CORE PROCEEDING AND DEMAND FOR JURY
        TRIAL. .............................................................................................................................. 6

IV.     SUBJECT MATTER JURISDICTION. .......................................................................... 7

        A.      MTI's First Through Twelfth Causes Of Action Against Defendants Do
                Not "Arise Under" Title 11. .............................................................................. 8

        B.      MTI's First Through Twelfth Causes Of Action Against Defendants Do
                Not "Arise In" Title 11. ..................................................................................... 8

        C.      MTI's First Through Twelfth Causes Of Action Against Defendants Are
                Not "Related To" MTI's Bankruptcy Case. ...................................................... 9

V.      ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM PRESIDING
        OVER THIS PROCEEDING. ......................................................................................... 10

VI.     FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ......... 14

        A.      MTI's Common Law And Unfair Business Practices Causes Of Action
                Are Preempted By The Uniform Trade Secrets Act. ....................................... 14

        B.      MTI's Contractual Agreements With Individual Defendants Barring Them
                From Hiring Or Employing Employees Of MTI Are Invalid And
                Unenforceable Non-Compete Agreements. ..................................................... 16

        C.      MTI Cannot Proceed On Their Breach Of Fiduciary Duty Claim Because
                Defendant Bocchinfusco Was Not An Officer Of The Corporation With
                Power To Manage Corporate Affairs. ............................................................. 17

        D.      MTI's Common Law And Statutory Breach Of Loyalty Causes Of Action
                Are Duplicative Of One Another And Fail To Allege A Breach Of Loyalty
                As To Defendants Christopher Butts, Matthew Dwyer, Justin Girffin,
                Dimitris Krekoukias, Robert Owen, Heeki Park, And Thomas Tar. ....................... 18

        E.      MTI Does Not Allege Defendant Fusionstorm Committed Any
                Independent Wrongful Act In Soliciting MTI Employees And Thus
                Cannot Bring A Cause Of Action For Tortious Interference With Contract. ........... 20

        F.      MTI's Claim For Breach Of The Covenant Of Good Faith And Fair
                Dealing Is Duplicative Of Their Breach Of Contract Causes Of Action
                And Thus Should Be Dismissed. ..................................................................... 20

VII.    CONCLUSION. .............................................................................................................. 22

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

1

## TABLE OF AUTHORITIES

2

## CASES

3

4 *Accuimage Diagnostics Corp. v. Terarecon, Inc.* (ND CA 2003) 260 F.Supp.2d 941, 953-954 .. 15

5 *American Credit Indem. Co. v. Sacks* (1989) 213 Cal.App.3d 622, 636-637, 262 Cal.Rptr. 92 ... 19

6 *Ariz. Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) ............................. 14

7 *Bancroft-Whitney Co. v. Glen* (1966) 64 Cal.2d 327, 345, 411 P.2d 921, 49 Cal.Rptr.825 ...... 2, 18

8 *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326 (1986) ................. 7

9 *Cacique, Inc. v. Robert Reiser & Co., Inc.* (9th Cir. 1999) 169 F.3d 619, 624 ............................. 15

10 *Calvao v. Superior Court* (1988) 201 Cal.App.3d 921, 923, 247 Cal.Rptr.470 ........................... 18

11 *Daniel Orifice Fitting Co. v. Whalen* (1962) 198 Cal.App.2d 791, 801, 18 Cal.Rptr. 659 ........... 19

12 *Digital Envoy, Inc. v. Google, Inc.* (ND CA 2005) 370 F.Supp.2d 1025, 1034-1035 ................. 15

13 *Dowell v. Biosense Webster, Inc.*, 2009 Cal. App. LEXIS 1860, at *26 (Cal.App. 2009) ...... 13, 17

14 *Edwards v. Arthur Anderson, LLP*, 44 Cal.App.4th 933, 937 (2008), 52 Cal.Rptr. 236 .......... 13, 17

15 *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684, 765 P.2d 373, 254 Cal.Rptr.211
..................................................................................................................................... 21

16

17 *Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1155 (9th Cir. 2003) ........................................ 14

*Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 352, 8 P.3d 1089, 100 Cal.Rptr. 2d 352 .......... 21
18

*Hale v. United States Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007) .................................................... 7
19

*Hilton v. Hallmark Cards*, 580 F.3d 874 (9th Cir. Cal. 2009) ....................................................... 14
20

*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 410, 58 Cal.Rptr.3d, 527 ......................... 19
21

*In re ACI-HDT Supply Co.*, 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997) ................................... 6, 11
22

*In re Arnold Printworks,* 61 B.R. 520, 526 (D. Mass. 1986) ...................................................... 12
23

*In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991) ........................................ 6, 8, 11, 13
24

*In re Fietz*, 852 F.2d 455 (9th Cir. 1988) .............................................................................. 7, 9
25

*In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995) ...................................................... 8, 9
26

*In re Illinois-California Express, Inc.*, 50 B.R. 232, 241 (Bankr. D. Colo. 1985) ........................ 12
27

*In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991) ...................................................................... 7
28

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1   *In re P & P Oilfield Equipment, Inc.*, 71 B.R. 621, 623 (Bankr. D. Colo. 1987)........................... 12

2   *In re Pegasus Gold*, 394 F.3d 1189, 1194 n.1 (9th Cir. 2005) ...................................................... 10

3   *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990) .............................................................. 13

4   *In re World Solar Corp.*, 81 BR 603 ............................................................................................. 11

5   *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171
6      Cal.App.4th 939, 958, 90 Cal.Rptr. 3d 247 ..................................................................... 2, 15

7   *Kokkonen v. Guardian Life Ins. Co. of America,* 511 US 375, 377, 114 S. Ct. 1673 (1994).......... 7

8   *Loral Corp. v. Moyes* (1985) 174 Cal.App.3d 268, 279-280, 219 Cal.Rptr. 836 .......................... 16

9   *Lory v. Fed. Ins. Co.*, 122 Fed. Appx. 314, 316 (9th Cir. Cal. 2005)............................................ 14

10   *Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 860, 27
     Cal.Rptr. 2d 573............................................................................................................... 2, 16

11   *N. Parent, Inc. v. Cotter & Co.*, 221 B.R. 609, 622 (Bankr. D. Mass. 1998)................................ 13

12   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. Cal. 2001) ............................................................ 14

13   *NLRB v. Calkins*, 187 F.3d 1080 (9th Cir. 1999) ......................................................................... 14

14   *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ............................................................. 9

15   *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1153, 95 P.3d 513, 17 Cal.Rptr. 3d 289 ............... 2, 20

16   *Sequoia Vacuum Systems v. Stransky* (1964) 229 Cal.App.2d 281, 286, 40 Cal.Rptr. 203 .......... 19

17   *State Bank of Lombard v. Chart House*, 46 B.R. 468 (N.D. Ill. 1985)........................................... 11

18   *Stokes v. Dole Nut Co.* (1995) 41 Cal.App.4th 285, 295, 48 Cal.Rptr. 2d 673 ............................. 19

19   *Things Remembered, Inc. v. Petrarca* (1995) 516 U.S. 124, 116 S.Ct. 494...................................... 9

20   *VL Systems, Inc. v. Unisen, Inc.* (2007) 152 Cal.App.4th 708, 718, 61 Cal.Rptr. 3d 818............. 16

21   *Williams v. Shell Oil Co.*, 169 B.R. 684 ....................................................................................... 13

22   *Willy v. Coastal Corp.* 503 U.S. 131, 136-137, 112 S. Ct. 1076 (1992) .......................................... 7

23                     STATUTES

24
25   28 *U.S.C.* § 1331 ............................................................................................................................ 10

26   28 *U.S.C.* § 1332........................................................................................................................ 1, 10

27   28 *U.S.C.* § 1334............................................................................................................... passim

28   28 *U.S.C.* § 157............................................................................................................... 7, 9, 10

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

*Business and Professions Code § 16600* ........................................................................... 2, 16, 17

*California Business and Professions Code §17200* ..................................................................... 8

*Labor Code § 2863* ............................................................................................................. 20

*Uniform Trade Secrets Act (Cal. Civ. Code §§ 3426 to 3426.11)* ............................................. 2, 8

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **March 18, 2010**, at **2:00 p.m.**, or as soon thereafter as the matter may be heard in **Courtroom 5A** of the United States Bankruptcy Court, Central District of California, Santa Ana Division, located at 411 West Fourth Street, Santa Ana, California, Defendants FUSIONSTORM, A Delaware Corporation; JOHN VAREL, an individual; DANIEL R. SERPICO, an individual, MARC FRANZ, an individual; CHRISTOPHER BUTTS, an individual; RICHARD BOCCHINFUSO, an individual; MATTHEW DWYER, an individual; JUSTIN GRIFFIN, an individual; ROBERT LINSKY, an individual; ROBERT OWEN, an individual; HEEKI PARK, an individual; GREG PRESTININZI, an individual; and, THOMAS TAR, an individual (hereinafter collectively "Defendants"), will, and hereby does, move the Court for an order dismissing and/or striking portions of Plaintiff MTI TECHNOLOGY CORPORATION, A Delaware corporation's (hereinafter "MTI') adversary proceeding Complaint for damages, or in the alternative, to abstain from hearing the adversary proceeding.

Defendants bring their Motion to Dismiss on each of the following grounds:

1.    The District Court lacks subject matter jurisdiction over MTI's state law claims against Defendants because those claims do not arise under, arise in, and are not related to MTI's voluntary petition under Chapter 11 of the Bankruptcy Code. *See*, 28 *U.S.C.* § 1334 subs. (a) and (b). Additionally, there is no jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334 and the District Court lacks independent subject matter jurisdiction over this proceeding because there is no federal question and no diversity between the parties. *See*, 28 *U.S.C.* § 1332.

2.    Should this Court conclude that it has jurisdiction over this proceeding, it should nevertheless abstain from hearing the adversary proceeding in the interest of comity and respect for State law inasmuch as every claim except MTI's objection to four monetary claims against the estate exclusively involve questions of state law. *See*, 28 *U.S.C.* § 1334(c).

3.    MTI's First through Ninth and Eleventh and Twelfth causes of action are

---

**1**

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

preempted by the *Uniform Trade Secrets Act* (*Cal. Civ. Code* §§ 3426 to 3426.11) because they arise under the identical nucleus of operative facts as the Uniform Trade Secrets Act claim. *See, K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 958, 90 Cal.Rptr. 3d 247.

4.    MTI's breach of contract causes of action (claims 1 and 2) should be dismissed because the contracted provisions central to each violates California's public policy against restrictive non-compete clauses governed by the *Business and Professions Code* § 16600. *See, Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 860, 27 Cal.Rptr. 2d 573.

5.    MTI's Third cause of action must be dismissed because MTI failed to sufficiently allege specific facts to establish that Defendant Bocchinfuso had the requisite corporate officer status to impose a fiduciary duty upon him. *See, Bancroft-Whitney Co. v. Glen* (1966) 64 Cal.2d 327, 345, 411 P.2d 921, 49 Cal.Rptr.825.

6.    MTI's Common Law And Statutory Breach Of Loyalty Causes Of Action Are Duplicative Of One Another And Fail To Allege A Breach Of Loyalty As To Defendants Christopher Butts, Matthew Dwyer, Justin Girffin, Dimitris Krekoukias, Robert Owen, Hecki Park, And Thomas Tar.

7.    MTI's intentional interference with contract claim against FusionStorm should be dismissed because MTI fails to allege an independent act that is itself unlawful. *See, Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1153, 95 P.3d 513, 17 Cal.Rptr. 3d 289.

8.    MTI's breach of the covenant of good faith and fair dealing is duplicative of their breach of contract causes of action and thus should be dismissed.

The Defendants' Motion to Dismiss is based on this Notice, the Memorandum of Points and Authorities filed herewith, MTI's Complaint, and upon such other and further matters as may properly come before the Court.

If you wish to oppose the Motion, you must file a written opposition with the above-referenced Court no later than March 4, 2010 and serving a copy of same on Defendants' counsel of record, Lynberg & Watkins, 333 City Blvd. West, Suite 640, Orange, California 92868 by

2

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  personal service or overnight mail.

2      If you fail to file a written opposition with the Court and serve it on Defendants by the date

3  indicated, the Court may enter an order granting the relief requested in the Motion.

4  DATED:  December 11, 2009        **LYNBERG & WATKINS**
                   A Professional Corporation

7               By:

8                   **NORMAN J. WATKINS**
                   **COURTNEY L. HYLTON**
                   Attorneys for All Defendants

1  ## MEMORANDUM OF POINTS AND AUTHORITIES

2  **I.    INTRODUCTION.**

3  By this Motion, Defendants seek to Dismiss entirely or strike portions of MTI's Complaint

4  pursuant to *FRCP* 12(b)(1) and 12(b)(6) and *FRBP* 7012(b). Alternatively, Defendants request

5  that the Court abstains from hearing this matter and thereby to dismiss the proceeding without

6  prejudice pursuant to 28 *U.S.C.* § 1334(c) (1).

7  **II.   STATEMENT OF FACTS.**

8  MTI Technology Corporation, a Delaware Corporation, filed a voluntary petition for relief

9  under Chapter 11 of the Bankruptcy Code on October 15, 2007. (*See,* MTI's Complaint.)  Nearly

10  two years later, on October 14, 2009, MTI filed this adversary proceeding against

11  FUSIONSTORM, A Delaware Corporation, JOHN VAREL, FusionStorm's Chief Executive

12  Officer and Chairman of the Board, DANIEL R. SERPICO, FusionStorm's President and Chief

13  Financial Officer, and former MTI employees who were subsequently employed by Defendant

14  FusionStorm: MARC FRANZ, CHRISTOPHER BUTTS, RICHARD BOCCHINFUSO,

15  MATTHEW DWYER, JUSTIN GRIFFIN, ROBERT LINSKY, ROBERT OWEN, HEEKI

16  PARK, GREG PRESTININZI, and THOMAS TAR, (hereinafter collectively "Defendants").  Of

17  the 11 former MTI employees, four (Marc Franz, Christopher Butts, Robert Linsky, and Robert

18  Owen) have filed Proofs of Claims for unpaid commission and expenses against MTI as part of

19  the administration of MTI's bankruptcy petition. (Defendants acknowledge this court's

20  jurisdiction over these claims and MTI's objection thereto).  The remaining seven, as well as

21  FusionStorm, Varel, and Serpico are strangers to the MTI bankruptcy proceedings.

22  The adversary proceeding alleges pure state law claims of breach of contract, breach of

23  fiduciary duty, breach of common law and statutory duties of loyalty, as well as intentional

24  interference with contract, intentional interference with prospective economic advantage, unfair

25  competition in violation of the *California Business and Professions Code*, violation of the

26  California Uniform Trade Secrets Act, and breach of covenant of good faith and fair dealing.

27  (*See,* MTI's Complaint.)

28  In July 2007, a number of MTI's employees tendered their resignation.  These employees

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  subsequently commenced employment with Defendant FusionStorm. MTI's Complaint alleges

2  that FusionStorm knowingly and intentionally recruited and solicited these employees in breach of

3  the Mutual Confidentiality Agreement between MTI and FusionStorm. Additionally, MTI alleges

4  that FusionStorm misappropriated, disclosed and used MTI's trade secrets. Finally, MTI alleges

5  that as officers of FusionStorm, Varel and Serpico are responsible for FusionStorm's conduct.

6      As against the remaining Defendants, all of whom are former MTI employees, MTI alleges

7  that they breached confidentiality agreements and/or Use and Compliance Agreements entered

8  into between these Defendants and MTI. These agreements contain provisions that prohibit the

9  individual defendants from employing, soliciting for employment, or recommending for

10  employment any MTI employees for a period of one year after termination or separation from

11  MTI. Additionally, MTI alleges that these former employees conspired with FusionStorm to: (1)

12  solicit other employees for employment at FusionStorm; (2) delay submitting purchase orders to

13  MTI; and, (3) contact MTI's customers to move to FusionStorm, all to the detriment of MTI.

14      Further, MTI pleads intentional interference with contract against Defendant Franz for

15  allegedly making false, misleading, and disparaging remarks about MTI and introducing

16  FusionStorm and Varel to MTI employees. As against Defendant Bocchinfuso, MTI alleges

17  breach of fiduciary duty of loyalty and intentional interference with contract based on his

18  Confidentiality and Nondisclosure agreement with MTI and his status as an officer of the

19  corporation. As against Prestininzi and Linsky, MTI claims intentional interference with contract

20  for allegedly planning a "mass defection". Lastly, MTI objects to the Proofs of Claims filed by

21  Franz, Butts, Linsky, and Owen for unpaid commission and expenses.

22      Based upon the service dates, Defendants had until November 20, 2009, to file its

23  responsive pleading. (*See*, Summons and Notice of Status Conference.) On November 12, 2009,

24  MTI and Defendants, by and through their counsel of record, stipulated to extend the time to file a

25  responsive pleading to December 11, 2009. The stipulation was approved by this Court on

26  November 20, 2009. (*See*, Stipulation.)

27      Defendants contend that claims 1-12 of the adversary proceeding are unrelated to MTI's

28  bankruptcy proceeding as they neither "arise under" bankruptcy law nor "arise in" MTI's Chapter

1  11 bankruptcy proceeding.  Furthermore, these claims are not "otherwise related to" the

2  bankruptcy proceeding.  As such this court does not have subject matter jurisdiction to preside

3  over the adjudication of these claims.

4      Alternatively, should this court determine that this proceeding is related to MTI's

5  bankruptcy petition, it should abstain from hearing the adversary proceeding pursuant to 28 U.S.C.

6  § 1334 in the interest of comity and respect for state law.  Every claim except MTI's objection to

7  the four the Proof of Claims exclusively involve questions of state law which are non-core to the

8  administration of the bankruptcy estate.

9      Finally if this court determines that this adversary proceeding is non-core, but related to the

10  bankruptcy action, this court should dismiss and/or strike various causes of action as pled by MTI

11  as MTI has failed to state a claim upon which relief can be granted (*see, FRCP* 12(b)(1) ) and has

12  included within the complaint redundant claims (*see, FRCP* 12(f)).

13  **III.    STATEMENT OF NON-CORE PROCEEDING AND DEMAND FOR JURY TRIAL**

14      Should this court determine that this adversary proceeding is related to the bankruptcy

15  proceeding, it is nonetheless "**non-core.**"  In general, "proceedings that do not invoke substantive

16  rights created by bankruptcy law and that could exist outside of bankruptcy court are not core

17  proceedings, although they may fall within the 'otherwise related to' jurisdiction of the court." *In*

18  *re ACI-HDT Supply Co.*, 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997) (citing *In re Eastport Assocs.*,

19  935 F.2d 1071, 1076 (9th Cir. 1991)).  Thus, where as here, the causes of actions against

20  Defendants are based on rights conferred by state law and exist outside of bankruptcy, MTI's

21  Complaint, if related to the bankruptcy proceeding at all, is certainly non-core.  Defendants do not

22  consent to entry of final orders or judgment by this court.

23      Additionally, Defendants do not waive their right to a jury trial and hereby demand a jury

24  trial in this matter.  The Seventh Amendment to the United States Constitution states:  "In Suits at

25  common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury

26  shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the

27  United States, than according to the rules of the common law."  A right to jury in a civil action

28  arises if the action is legal in nature and asserts a private right rather than a public one. *See, Hale*

6

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  *v. United States Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007).

2         Where a party asserts state law claims for damages arising out of tortious interference with

3  contract a right to jury trial is preserved and cannot be waived without the parties' consent. *See,*

4  *e.g., In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991)  Moreover, where, as here, Plaintiff's

5  Complaint raises only state law issues relating to trade secret, non-solicitation, and breach of

6  contract claims, Plaintiff is asserting solely a private right for legal damages and a right to jury

7  trial is preserved.  Defendants hereby demand a right to a jury trial and intend to deposit jury fees

8  with the court.

9  **IV.    SUBJECT MATTER JURISDICTION.**

10        Defendants file this motion in accordance with *FRCP* 12(b)(1) and 12(b)(6), made

11  applicable to adversary proceedings by *FRBP* 7012(b).  Rule 12(b) provides that a party may

12  assert lack of subject matter jurisdiction and failure to state a claim upon which relief can be

13  granted by motion before pleading if a responsive pleading is allowed.

14        Federal courts are courts of limited jurisdiction and may adjudicate only those cases

15  authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of America,* 511

16  US 375, 377, 114 S. Ct. 1673 (1994); *See, Willy v. Coastal Corp.* 503 U.S. 131, 136-137, 112 S.

17  Ct. 1076 (1992); *See also, Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.

18  Ct. 1326 (1986). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the

19  burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*

20  *Guardian Life Ins. Co. of America,* supra, 511 US at 377, citations omitted.

21        The district courts are conferred original and exclusive jurisdiction of all cases under Title

22  11, which governs bankruptcy cases, and original but not exclusive jurisdiction of all civil

23  proceedings "arising under title 11, or arising in or related to cases under title 11." 28 *U.S.C.* §

24  1334 (a) and (b).  Each district court is authorized to refer all bankruptcy cases as well as those

25  arising under the Bankruptcy Code or arising in or related to a bankruptcy case to the bankruptcy

26  court. 28 *U.S.C.* § 157(a). Since the bankruptcy court's jurisdiction is derived from that conferred

27  upon the district court, then where the district court has no jurisdiction over a particular

28  proceeding, neither does the bankruptcy court. *In re Fietz*, 852 F.2d 455 (9th Cir. 1988).

1    In the present case, the district court lacks subject matter jurisdiction over claims 1-12 of

2  the Complaint because the claims alleged do not arise under Title 11 nor are they related to MTI's

3  bankruptcy proceeding under Title 11.[1]

4    **A.    MTI's First Through Twelfth Causes Of Action Against Defendants Do Not
       "Arise Under" Title 11.**

5    A civil proceeding "arises under" Title 11 if it involves "a cause of action created or

6  determined by a statutory provision of title 11" such as proceedings involving rights created by the

7  Bankruptcy Code. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995); *In re Eastport*

8  *Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991).

9    Here, MTI's First through Twelfth Causes of Action do not involve rights created by the

10  Bankruptcy Code. MTI's First through Twelfth Causes of Action allege that Defendants violated

11  California contracts, torts, and corporations law as well as the *California Business and Professions*

12  *Code* §17200 and the *Uniform Trade Secrets Act* (*Cal. Civ. Code* §§ 3426 to 3426.11). Thus,

13  none of the rights invoked by MTI in the First through Twelfth Causes of Action against

14  Defendants were created by a statutory provision of Title 11, as such they do not "arise under"

15  Title 11.

16    **B.    MTI's First Through Twelfth Causes Of Action Against Defendants Do Not
       "Arise In" Title 11.**

17

18    Proceedings "arising in" bankruptcy cases are essentially proceedings that would simply

19  not exist outside of bankruptcy, such as "matters concerning the administration of the estate,"

20  "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover

21

22  ———————————————

23  [1] Defendants concede that the Proofs of Claims field by Defendants Christopher Butts
    ("Butts"), Marc Franz ("Franz"), Robert Linsky ("Linsky"), and Robert Owen ("Owen") and
24  MTI's objections thereto arise in MTI's bankruptcy petition and thus are properly under the
    jurisdiction of this court. Obviously, any set-off issues post-adjudication of the state court claims
25  can, and should be left to the state court. Thus, this court can either sever those claims (13-16) or
    dismiss them as duplicative of the proceedings before this court in the MTI bankruptcy involving
26  those four claims. *See N. Parent, Inc. v. Cotter & Co.*, 221 B.R. 609, 622 (Bankr. D. Mass. 1998)
    (ruling that "only those claims which are deemed to be core bankruptcy issues can remain in this
27  Court; all non-core claims should be transferred or dismissed").

28

1   preferences." 28 *U.S.C.* § 157(b)(2); see also *In re Harris Pine Mills*, 44 F.3d 1431, 1435-37 (9th

2   Cir. 1995). Defendants concede that the Claims proceeding initiated by Defendants Butts

3   ("Butts"), Franz ("Franz"), Linsky ("Linsky"), and Owen ("Owen") as well as MTI's bankruptcy

4   based objections thereto obviously arise in MTI's bankruptcy petition and likewise would not exist

5   outside of bankruptcy. However, the events that form the basis of MTI's first twelve (12) causes

6   of action and the rights claimed by MTI in those claims are conferred entirely by California state

7   law and those rights exist separate and apart from MTI's bankruptcy proceeding. (*See*, MTI's

8   Complaint.) As such, MTI's adversary proceeding does not "arise in" Plaintiff's bankruptcy

9   petition. *See*, 28 *U.S.C.* § 157(b)(2); *See also, In re Harris Pine Mills*, 44 F.3d 1431, 1435-37 (9th

10  Cir. 1995).

11      **C.**    **MTI's First Through Twelfth Causes Of Action Against Defendants Are Not "Related To" MTI's Bankruptcy Case.**

12         The test to determine whether a proceeding is "related to" a case under Title 11 varies

13  depending on the stage of the proceedings. In the pre-confirmation context, as is the case here, the

14  Ninth Circuit has adopted the "Pacor test" for determining whether a case is "related to" the

15  bankruptcy proceeding. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). The Pacor test determines

16  whether a case is "related to" a bankruptcy proceeding based on whether "the outcome of the

17  proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . .

18  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options,

19  or freedom of action (either positively or negatively) and which in any way impacts upon the

20  handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d

21  Cir. 1984), overruled on other grounds *Things Remembered, Inc. v. Petrarca* (1995) 516 U.S. 124,

22  116 S.Ct. 494.

23         In the present case, MTI's First through Twelfth Causes of Action, arising from the

24  resignation of certain of MTI's employees and their subsequent employment with Defendant

25  FusionStorm, lack a close nexus to MTI's bankruptcy proceeding and affect only matters collateral

26  to the bankruptcy process. Adjudication of MTI's claims against Defendants will not affect the

27  administration of the bankruptcy estate in any way. A contention that the action could

28

9

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  conceivably increase the recovery to the creditors is insufficient to establish that an action is

2  "related to" a bankruptcy proceeding. *See, In re Pegasus Gold*, 394 F.3d 1189, 1194 n.1 (9th Cir.

3  2005). Other circuits have noted that a contrary rationale could endlessly stretch a bankruptcy

4  court's jurisdiction to any claim that could possibly increase or decrease the debtor's assets. *See,*

5  *Resorts Int'l*, 372 F.3d at 170; *Craig's Stores*, 266 F.3d at 391. As such this proceeding is simply

6  not related to the pending bankruptcy proceeding. Accordingly, this court has no subject matter

7  jurisdiction over the First through Twelfth Causes of Action against Defendants and should

8  therefore dismiss MTI's adversary proceeding without prejudice.

9       Additionally, absent a finding that this adversary proceeding is "related to" MTI's

10  bankruptcy proceeding, the Federal Court has no independent jurisdiction to preside over this

11  matter. There is no diversity of citizenship among the parties, pursuant to 28 *U.S.C.* § 1332, to

12  establish jurisdiction over MTI's Complaint independent of jurisdiction based on 28 *U.S.C.* §

13  157(b)(1). Section 1332 provides that "[t]he district courts shall have original jurisdiction of all

14  civil actions where the matter in controversy exceeds the sum or value of $75,000, and is

15  between...citizens of different states." Here, both MTI and Defendant FusionStorm, Inc. are

16  Delaware Corporations. Additionally, both MTI and FusionStorm are alleged to be headquartered

17  in California and no less than four (4) individual defendants are alleged to reside in California.

18  (*See,* Complaint) Moreover, there is no jurisdiction based on a federal question inasmuch as

19  MTI's Complaint only alleges state law causes of action. *See*, 28 *U.S.C.* § 1331.

20  **V.   ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM PRESIDING**

21      **OVER THIS PROCEEDING.**

22       A bankruptcy court must abstain from a proceeding where the following requirements are

23  met: (1) the proceedings depend on State law; (2) the proceedings are non-core; (3) there is no

24  independent federal jurisdiction absent the petition under Title 11; (4) an action is commenced in

25  state court; (5) the state court action may be timely adjudicated; and (6) a state forum of

26  appropriate jurisdiction exists. 28 *U.S.C.* § 1334(c)(2).

27       In the present case, Defendants' present motion for abstention is undoubtedly timely since

28  it is filed within two months of MTI filing its adversary proceeding Complaint.

10

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

1    As noted, each of the claims 1-12 do not arise in or under of Title 11. They are not claims

2  in any way created or determined by any provision of the Bankruptcy Code, nor do these claims

3  involve rights created by the Bankruptcy Code. Similarly, these twelve causes of action do not

4  arise in Title 11 as each of the rights asserted are not based in Title 11 but rather, lie exclusively in

5  statutory or common law provisions. In this connection, as state law contract claims, they are

6  clearly non-core proceedings. *In re ACI-HDT Supply Co.*, 205 B.R. 231, 235 (B.A.P. 9th Cir.

7  1997) (citing *In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991)). Thus, even if this

8  court considers these proceedings to be related to the underlying case, the court should, at a

9  minimum, abstain from proceeding with claims 1-12 because those claims not only do not arise in,

10  or under Title 11, and, as pure state law claims, they could not have been brought in a District

11  Court absent jurisdiction over the original bankruptcy case. *See, In re World Solar Corp.*, 81 BR

12  603.

13    As previously discussed, the district court lacks jurisdiction over this proceeding absent the

14  petition under Title 11. There is no diversity among the parties and since all the causes of action

15  against Defendants are premised on state law, except for MTI's objections to the four Proofs of

16  Claims, there is no federal question jurisdiction over the matter. As such, this proceeding meets

17  the mandatory abstention requirement that there be no federal court jurisdiction independent of the

18  bankruptcy petition.

19    The next element is that an action is commenced in state court. 28 *U.S.C.* § 1334(c)(2).

20  Although cases have considered this to require that a state court action actually be pending, the

21  better view is to merely determine whether a state court action could be commenced in a state

22  court of appropriate jurisdiction. *See, In re World Solar Corp.*, 81 B.R. 603, 609 (BC SD CA

23  1988) (held that a pending court action is not a prerequisite for mandatory abstention.) Similarly,

24  the court in *In re World Solar Corp.* referenced *State Bank of Lombard v. Chart House*, 46 B.R.

25  468 (N.D. Ill. 1985), which found that "§ 1334(c)(2) mandates abstention in matters that **would**

26  **have been filed in state court** rather than federal court but for a bankruptcy filing." *In re World*

27  *Solar Corp.*, supra, 81 B.R. at 610, quoting *State Bank of Lombard,* supra, 46 B.R. 468, emphasis

28  added. The Court in *In re World Solar Corp.* noted that this clearly implies that a pending state

**11**

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  court action need not be filed prior to a motion for mandatory abstention. Additionally, the court

2  noted that a number of other courts have concluded that, while a pending state court action is an

3  element for consideration in determining whether or not to mandatorily abstain, it is not

4  dispositive. *Id.* at 611; *See also, In re Illinois-California Express, Inc.,* 50 B.R. 232, 241 (Bankr.

5  D. Colo. 1985); *In re Arnold Printworks,* 61 B.R. 520, 526 (D. Mass. 1986); *In re P & P Oilfield*

6  *Equipment, Inc.,* 71 B.R. 621, 623 (Bankr. D. Colo. 1987). Here, the present proceeding would

7  have been initiated in state court had MTI not previously commenced bankruptcy proceedings in

8  this Court.

9        Furthermore, MTI's claims against Defendants could be timely adjudicated in state court.

10  Where MTI has alleged causes of action exclusively based on violations of California state law,

11  California courts would have appropriate jurisdiction over the matter. Additionally, there is no

12  evidence that MTI's claims against Defendants could not be as quickly adjudicated in state court

13  as in this Court. Moreover, each of these claims confers a right to a jury determination which

14  weighs heavily in favor of abstention.

15        If this court does not find that it must abstain from hearing this adversary proceeding, it

16  should nevertheless exercise its discretion to do so and dismiss the proceeding without prejudice.

17  The district court "in the interest of justice, or in the interest of comity with State courts or respect

18  for State law" has the discretion to abstain from hearing a particular proceeding arising under title

19  11 or arising in or related to a case under title 11. *See,* 28 *U.S.C.* § 1334(c)(1). The factors courts

20  should consider in deciding whether to abstain under Section 1334(c)(1) are:

21                 (1) the effect or lack thereof on the efficient administration of the
estate if a Court recommends abstention, (2) the extent to which

22  state law issues predominate over bankruptcy issues, (3) the
difficulty or unsettled nature of the applicable law, (4) the presence

23  of a related proceeding commenced in state court or other
nonbankruptcy court, (5) the jurisdictional basis, if any, other than

24  28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the
proceeding to the main bankruptcy case, (7) the substance rather

25  than form of an asserted 'core' proceeding, (8) the feasibility of
severing state law claims from core bankruptcy matters to allow

26  judgments to be entered in state court with enforcement left to the
bankruptcy court, (9) the burden of [the bankruptcy court's] docket,

27  (10) the likelihood that the commencement of the proceeding in
bankruptcy court involves forum shopping by one of the parties,

28  (11) the existence of a right to a jury trial, and (12) the presence in

1    the proceeding of nondebtor parties.

2    *In re Eastport Assocs.*, 935 F.2d 1071, 1075-1076 (9th Cir. 1991) (quoting *In re Tucson*

3    *Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990)).

4    Here, aside from MTI's objections to Defendants' Butts, Franz, Linsky, and Owen, Proofs

5    of Claims, the entire proceeding is founded upon the application and interpretation of California

6    state law.  These exclusively state-law based claims could, and should, be decided in state court.

7    *See, Williams v. Shell Oil Co.*, 169 B.R. 684.

8    While the fact that a proceeding is based on state substantive law is not the only factor to

9    determining abstention, the court should give substantial consideration to the fact that in this case,

10    the state law regarding the enforcement of trade secret protection in employment agreements

11    which restrict competition between employers and solicitation of employees has yet to be clarified

12    by the state courts.  *See, Dowell v. Biosense Webster, Inc.*, 2009 Cal. App. LEXIS 1860, at *26

13    (Cal.App. 2009); *See, Edwards v. Arthur Anderson, LLP*, 44 Cal.App.4[th] 933, 937 (2008), 52

14    Cal.Rptr. 236.  Therefore, this court should abstain in the interest of allowing the state court to

15    interpret state law in this area.

16    As previously discussed, the federal court lacks jurisdiction over the twelve state claims

17    independent of the bankruptcy proceeding.  Moreover, this Court has the authority to sever the

18    unrelated, state-law claims from the four bankruptcy-related claims and allow for the state court to

19    enter judgment on the state-law claims.  *See N. Parent, Inc. v. Cotter & Co.*, 221 B.R. 609, 622

20    (Bankr. D. Mass. 1998) (ruling that "only those claims which are deemed to be core bankruptcy

21    issues can remain in this Court; all non-core claims should be transferred or dismissed" in

22    conjunction with forum selection clauses contracted by parties.)

23    Additionally, this adversary proceeding, if related to the bankruptcy proceeding at all, is

24    only tangentially related and is a non-core proceeding that could easily be severed from the

25    bankruptcy matters.  In fact, every defendant except Butts, Franz, Linsky, and Owen, is a stranger

26    to MTI's bankruptcy proceeding.  Thus, litigation of the adversary proceeding in state court would

27    not interfere in the administration of the bankruptcy estate.  Indeed, it is significant that MTI

28    waited almost a full two (2) years before initiating this proceeding and repeatedly sought

13

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1   confirmation of the plan without this proceeding even in existence.

2       Additionally, Defendants have, and demand, a right to a jury trial on each of these claims.

3   Not only is the state court more suitable to this type of an action, it is also significant that it is

4   presumed that matters of state law would be resolved consistently by the state and federal court.

5   *See, Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1155 (9th Cir. 2003), (Stating that in

6   analyzing questions of state law, federal courts are bound by the decisions of the state's highest

7   court. When the state's highest court has not squarely addressed an issue, the federal courts must

8   predict how the highest state court would decide the issue using intermediate appellate court

9   decisions, decisions from other jurisdictions, statutes, treaties and restatements for guidance.) *See*

10  *also, NLRB v. Calkins*, 187 F.3d 1080 (9th Cir. 1999), and *Ariz. Elec. Power Coop., Inc. v.*

11  *Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).

12  ## VI.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

13      A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of

14  the claims stated in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. Cal. 2001).

15  Dismissal of a claim is proper where it lacks a cognizable legal theory or sufficient facts to

16  proceed under a theory. *Lory v. Fed. Ins. Co.*, 122 Fed. Appx. 314, 316 (9th Cir. Cal. 2005). In a

17  complaint that alleges several distinct claims for relief, a Rule 12(b)(6) motion may be used to

18  challenge less than all claims alleged. *See, e.g. Hilton v. Hallmark Cards*, 580 F.3d 874 (9th Cir.

19  Cal. 2009) (granting motion to dismiss one of three claims alleged in complaint). Thus, should

20  this Court determine that it has jurisdiction to hear this adversary proceeding, it should dismiss the

21  following causes of action.

22  ### A.    MTI's Common Law And Unfair Business Practices Causes Of Action Are
23         Preempted By The Uniform Trade Secrets Act.

24      MTI alleges an underhanded conspiracy between its former employees and a competitor,

25  FusionStorm, to obtain and utilize trade secret information to the former's detriment. MTI alleges

26  that FusionStorm and the individual defendants used MTI's protected customer lists to entice

27  customers to do business with FusionStorm and then used that advantage to disparage MTI's

28  reputation and entice employees to leave MTI. MTI's entire complaint revolves around the

---

14

1   improper acquisition and use of proprietary trade secrets by FusionStorm and its employees.

2   MTI now brings this action against FusionStorm and individual Defendants alleging

3   twelve (12) causes of action (breach of contract, breach of fiduciary duty; breach of common law

4   duty of loyalty; breach of statutory duty of loyalty; intentional interference with contract;

5   intentional interference with prospective economic advantage; unfair competition; violation of

6   California Uniform Trade Secret Act; and breach of covenant of good faith and fair dealing) all

7   involving the alleged misuse of MTI's trade secret information.  Since MTI bases this action on

8   the alleged misappropriation of trade secrets, in violation of the Uniform Trade Secrets Act

9   (UTSA), all of MTI's common law claims as well as MTI's Unfair Business Practices claim are

10  preempted by the statutory provisions of the UTSA.

11  An action alleging causes of action arising under the "identical nucleus of operative facts"

12  as a UTSA claim is preempted. *See, K.C. Multimedia, Inc. v. Bank of America Technology &*

13  *Operations, Inc.* (2009) 171 Cal.App.4th 939, 958 (California courts "agree with the federal cases

14  applying California law, which hold that [the UTSA], preempts common law claims that are

15  'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'); *See*

16  *also, Cacique, Inc. v. Robert Reiser & Co., Inc.* (9th Cir. 1999) 169 F.3d 619, 624 ("the common

17  law of trade secrets has been displaced where it conflicts with California's version of the UTSA");

18  *Accuimage Diagnostics Corp. v. Terarecon, Inc.* (ND CA 2003) 260 F.Supp.2d 941, 953-954 ("a

19  common law claim does not survive after the UTSA").

20  Thus, MTI's First through Ninth and Eleventh and Twelfth Causes of Action alleging

21  common law breach of contract, breach of duty of loyalty, interference with contract and

22  prospective economic advantage, breach of covenant of good faith are all preempted under the

23  UTSA.  Additionally, MTI's Unfair Competition cause of action is also preempted because it is

24  based solely on the alleged misappropriation of MTI's trade secrets. *See, Digital Envoy, Inc. v.*

25  *Google, Inc.* (ND CA 2005) 370 F.Supp.2d 1025, 1034-1035 (holding that the UTSA preempts

26  "claims for unfair competition and unjust enrichment since those claims are based on the same

27  nucleus of facts as the misappropriation of trade secrets claim for relief").

28  Accordingly, MTI's First through Ninth and Eleventh and Twelfth Causes of Action are

15

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  pre-empted by statute and should be dismissed without leave to amend.

2      **B.**    **MTI's Contractual Agreements With Individual Defendants Barring Them**
           **From Hiring Or Employing Employees Of MTI Are Invalid And**
3             **Unenforceable Non-Compete Agreements.**

4          Even if this Court finds that MTI's common law causes of action are not preempted by the

5  Uniform Trade Secrets Act, it should dismiss the breach of contract causes of action because the

6  contracts at issue violate California's broad public policy against restrictive non-compete clauses

7  governed by *Business & Professions Code* § 16600.  It has been well established that competitors

8  may solicit each other's employees so long as they not utilize unlawful means or engage in acts of

9  unfair competition.  *Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th

10  853, 860.

11          A covenant not to hire or employ a company's current, former, or prospective employees

12  has been held to be too broad and thus unenforceable.  *See, e.g. VL Systems, Inc. v. Unisen, Inc.*

13  (2007) 152 Cal.App.4th 708, 718, 61 Cal.Rptr. 3d 818 (holding that employers cannot "agree on a

14  no-hire provision as a matter of contract"); *See also, Loral Corp. v. Moyes* (1985) 174 Cal.App.3d

15  268, 279-280, 219 Cal.Rptr. 836 ("Equity will not enjoin a former employee from receiving and

16  considering applications from employees of his former employer, even though the circumstances

17  be such that he should be enjoined from soliciting their applications").

18          Here, MTI alleges that FusionStorm was prohibited from hiring MTI employees via their

19  contractual agreement with MTI.  Further, the agreements referenced in and attached to the

20  complaint contain provisions that prohibit the individual former MTI defendants from employing,

21  soliciting for employment, or recommending for employment any of MTI's employees for a

22  period of one year after termination.  (*See*, section 7 of employment agreements attached to MTI

23  Complaint.)  Such a provision is overly broad in its attempt to prevent competitors from hiring

24  MTI employees.  Thus, MTI's attempted enforcement of the no-hire provisions is unenforceable

25  and runs afoul of the statutory protections against non-compete clauses.

26          All California employers are subject to the provisions of *Business & Professions Code* §

27  16600, which explicitly and broadly prohibits contracts in restraint of trade.  Section 16600 is

28  clear in its mandate: "[E]very contract by which anyone is restrained from engaging in a lawful

16

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  profession, trade, or business of any kind is to that extent void." *Bus. & Prof. Code* § 16600.

2      The California Supreme Court has recently affirmed, refuting a line of Federal decisions

3  purporting to carve out exceptions to this public policy, any California employment agreement

4  containing a non-competition provision is "to that extent" void and invalid, and even "narrowly

5  tailored restraints" on an employee's right to pursue lawful employment are unenforceable.

6  *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 949.

7      The Supreme Court in *Edwards v. Arthur Andersen* invalidated a clause in an employment

8  contract that prohibited the employee from performing similar services for a period of 18 months

9  as well as prevented the employee from soliciting clients from the employer or any of the

10  employer's personnel.  The court held that such restrictions were overly broad, void, and

11  unenforceable because they run contrary to the clearly enumerated public policy prohibiting

12  employers from restraining an individual's ability to practice his or her profession. *Id.* at 948.

13      *Edwards v. Arthur Andersen* specifically avoided ruling on the impact of trade secret

14  protections on non-compete clauses.  *See Id.*, n.4 at 946.  However, cases after *Edwards* "doubt the

15  continued viability of the common law trade secret exception to covenants not to compete."

16  *Dowell v. Biosense Webster, Inc.* (2009) 2009 Cal. App. LEXIS 1860 at *26.

17      Here, Plaintiff's contractual prohibitions regarding the employment of its former, current,

18  and prospective employees are overly broad in their prohibition of FusionStorm or the individual

19  defendants from even employing MTI employees.  MTI did not limit outside competitors from

20  simply soliciting its employees.  Rather, it outright prohibited even the employing of MTI

21  employees, whether or not the employees sought out employment with FusionStorm or not.  Such

22  restrictions are void and unenforceable and Plaintiff cannot sue for breach of its provisions.

23      **C.    MTI Cannot Proceed On Their Breach Of Fiduciary Duty Claim Because
      Defendant Bocchinfusco Was Not An Officer Of The Corporation With Power
24      To Manage Corporate Affairs.**

25      MTI alleges that Richard Bocchinfuso breached his fiduciary duty as Chief Technical

26  Officer when he used his "knowledge and confidential information of MTI's employees to assist

27  FusionStorm to entice away no less than ten (10) . . . employees of MTI's East Coast Division"

28  and otherwise personally solicit MTI employees to leave their employment with MTI and work for

17

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

1  FusionStorm. MTI alleges these actions occurred in June 2007, approximately one month before

2  Bocchinfuso left his employment as Chief Technical Officer of MTI.

3      Ordinarily, an officer or director of a corporation owes a fiduciary duty to the corporate

4  employer and its shareholders. This includes the duty to protect the interests of the corporation

5  committed to the officer's charge and to refrain from doing anything that would create injury to

6  the corporation or deprive it of opportunities. *Bancroft-Whitney Co. v. Glen* (1966) 64 Cal.2d 327,

7  345. However, the fiduciary duty is owed only by officers who participate in the management of

8  the corporation with discretionary power to manage corporate affairs (as distinguished from a

9  "nominal" officer with no management authority). Id. at 420.

10      Employees who are not officers or directors are generally not considered to be fiduciaries

11  and thus owe no fiduciary duty to their employers. See e.g. *Calvao v. Superior Court* (1988) 201

12  Cal.App.3d 921, 923, 247 Cal.Rptr.470.

13      Here, MTI fails to allege that Bocchinfuso was an officer who participated in the

14  management of the corporation and had discretionary power to manage corporate affairs. While

15  MTI alleges Bocchinfuso worked for MTI as "Chief Technical Officer", the title alone indicates

16  his position was akin to a "nominal" officer who did not occupy discretionary power to manage

17  corporate affairs. To the extent that Bocchinfuso was a "nominal" officer with no management

18  authority, he would not owe a fiduciary duty to MTI. MTI's failure to allege specific facts which

19  show Bocchunfuso had an appropriate corporate officer status sufficient to impose fiduciary duties

20  on him requires dismissal of the Third Cause of Action.

21      **D.   MTI's Common Law And Statutory Breach Of Loyalty Causes Of Action Are
       Duplicative Of One Another And Fail To Allege A Breach Of Loyalty As To**
22      **Defendants Christopher Butts, Matthew Dwyer, Justin Girffin, Dimitris
       Krekoukias, Robert Owen, Heeki Park, And Thomas Tar.**
23

24      MTI alleges that several employees conspired to leave their employment with MTI and

25  work for FusionStorm. MTI claims that Christopher Butts, Matthew Dwyer, Justin Griffin,

26  Dimitris Krekoukias, Robert Owen, Heeki Park, and Thomas Tar all left MTI simultaneously and

27  without notice. Additionally, MTI claims that Marc Franz, Richard Bocchinfuso, Robert Linsky,

28  and Greg Prestininzi, while employed and working for MTI, solicited employees to leave MTI and

1  work for FusionStorm.  MTI claims these acts breached their duty of loyalty while they were

2  employed with MTI.

3      The duty of loyalty is breached and may give rise to a tort cause of action on behalf of the

4  employer when the employee takes action inimical to the employer's best interests.  *Stokes v. Dole*

5  *Nut Co.* (1995) 41 Cal.App.4th 285, 295, 48 Cal.Rptr. 2d 673.  For example, employees who seize

6  for themselves, to their employer's detriment, business opportunities in the employer's line of

7  business may be subject to liability.  *Sequoia Vacuum Systems v. Stransky* (1964) 229 Cal.App.2d

8  281, 286, 40 Cal.Rptr. 203.

9      "The elements of a cause of action for breach of a duty of loyalty, by analogy to a claim for

10  breach of fiduciary duty, are as follows: (1) the existence of a relationship giving rise to a duty of

11  loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach."

12  *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 410, 58 Cal.Rptr.3d, 527.

13      An employee does not breach his or her duty of loyalty merely by looking for a new job or

14  planning to compete with the employer.  See *Daniel Orifice Fitting Co. v. Whalen* (1962) 198

15  Cal.App.2d 791, 801, 18 Cal.Rptr. 659.  It is when the employee directly interferes with business

16  opportunities of his or her employer that he breaches the duty of loyalty.  *Sequoia Vacuum*

17  *Systems v. Stransky* (1964) 229 Cal.App.2d 281, 286.  This includes soliciting customers and

18  employees to work for the competing business.  *American Credit Indem. Co. v. Sacks* (1989) 213

19  Cal.App.3d 622, 636-637, 262 Cal.Rptr. 92.

20      Here, MTI alleges that several employees (Christopher Butts, Matthew Dwyer, Justin

21  Girffin, Dimitris Krekoukias, Robert Owen, Heeki Park, and Thomas Tar) left their employment

22  with MTI at the same time and accepted employment with FusionStorm.  However, no allegations

23  are made that they interfered with MTI's business before leaving MTI for FusionStorm.  Thus, no

24  breach of loyalty is alleged.

25      The "Statutory Duty of Loyalty" which MTI alleges as its Fifth Cause of Action imposes

26  the same obligations as the common law duty of loyalty and thus is duplicative of the common law

27  cause of action.  *See, Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 414 (acknowledging

28  that the common law duty of loyalty is contained within the statutory duty of loyalty governed by

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  *Labor Code* § 2863.)  Indeed, MTI alleges the exact same facts under its Fifth Cause of Action for

2  breach of the statutory duty of loyalty as it does for its Fourth Cause of Action for breach of the

3  common law duty of loyalty.

4      Accordingly, MTI's Fifth Cause of Action is duplicative of its Fourth Cause of Action and

5  should be dismissed.

6      **E.**    **MTI Does Not Allege Defendant Fusionstorm Committed Any Independent**
   **Wrongful Act In Soliciting MTI Employees And Thus Cannot Bring A Cause**
7      **Of Action For Tortious Interference With Contract.**

8      MTI claims that it had at-will contracts with its employees and FusionStorm recruited and

9  solicited MTI employees in breach of the at-will contracts.  To state a cause of action for

10  interference with an existing contract, MTI must show (1) an enforceable contract between MTI

11  and a third party; (2) defendant's knowledge of the existence of that contract; (3) defendant's

12  intentional acts or conduct, designed to induce a breach or interruption of the contractual

13  relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting

14  damages.  *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.

15      Intentional interference with an at-will contract is actionable only if there exists an

16  independent wrongful act that is unlawful pursuant to some constitutional, statutory, common law,

17  or other determinable standard.  *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1153.  However, no

18  liability attaches where the interference consists solely of extending a job offer that induces at-will

19  employees to quit.  *See, Id.* at 1152.

20      MTI fails to allege that FusionStorm engaged in any "independent wrongful act" in its

21  recruitment and solicitation of MTI employees.  MTI's only allegation against FusionStorm is

22  their "intentional acts designed to induce a breach or disruption of these at-will contracts."  Since

23  no independent, wrongful act is alleged, no basis lies for an intentional interference with contract

24  claim against FusionStorm.

25      **F.**    **MTI's Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Is**
   **Duplicative Of Their Breach Of Contract Causes Of Action And Thus Should**
26      **Be Dismissed.**

27      MTI alleges FusionStorm and the individual defendants breached the implied covenant of

28  good faith and fair dealing that was present in the confidentiality and nondisclosure agreements

1 │ with MTI.  MTI alleges that defendants improperly solicited employees into leaving MTI,

2 │ soliciting MTI customers, and performing their duties for MTI in a manner that interfered with

3 │ MTI's business relationships with its customers.

4 │    A covenant of good faith and fair dealing is implied by law in all contracts.  The covenant

5 │ requires that neither party do anything to deprive the other of the benefits of the agreement.  *Foley*

6 │ *v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684, 765 P.2d 373, 254 Cal.Rptr.211.  "The

7 │ covenant of good faith is read into contracts in order to protect the express covenants or promises

8 │ of the contract, not to protect some general public policy interest not directly tied to the contract's

9 │ purposes." *Id.* at 690.

10 │    Claims for breach of the implied covenant of good faith and fair dealing may be

11 │ disregarded as superfluous when they do nothing more than repeat and reallege the same

12 │ allegations set forth in a companion claim for breach of contract.  No additional liability is created

13 │ thereby, and no claim is actually stated in such cases.  *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th

14 │ 317, 352, 8 P.3d 1089, 100 Cal.Rptr. 2d 352; *Careau & Co. v. Security Pac. Business Credit, Inc.*

15 │ (1991) 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387.

16 │    MTI alleges no new facts in its breach of good faith and fair dealing that were not already

17 │ alleged in its breach of contract claims against Defendants.  Thus, to the extent that MTI can

18 │ proceed on its breach of contract claims, it renders their Eleventh and Twelfth Causes of Action

19 │ duplicative.  Accordingly, the Eleventh and Twelfth Causes of Action should be dismissed.

20 │ ///

21 │ ///

22 │ ///

23 │

24 │

25 │

26 │

27 │

28 │

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

## VII.    CONCLUSION

For the foregoing reasons, this Court should dismiss MTI's adversary proceeding against Defendants for lack of subject matter jurisdiction, or in the alternative, to abstain from hearing this proceeding.  Should this Court determine that it has jurisdiction to preside over this adversary proceeding, MTI's First through Ninth and Eleventh and Twelfth causes of action should be dismissed pursuant to *FRCP* 12.

DATED:  December 11, 2009

LYNBERG & WATKINS
A Professional Corporation

By: _____

NORMAN J. WATKINS
COURTNEY L. HYLTON
Attorneys for All Defendants

22

Case Name:
Case No.:

**PROOF OF SERVICE**

1

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3       I am employed in the County of Orange, State of California. I am over the age of 18 and
   not a party to the within action.  My business address is 333 City Boulevard. West, Suite #640,
4  Orange, California 92868.

5       On **December 11, 2009,** I served the foregoing document(s) described as **DEFENDANTS
   NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE PORTIONS OF**
6  **PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the
   interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:
7

8  Scott C. Clarkson, Esq.
   Eve A. Marsella, Esq.
   Israel Saperstein, Esq.
9  CLARKSON, GORE & MARSELLA, APLC
   3424 Carson Street, Suite #350
10 Torrance, CA 90503

11 (310) 542-0111
   (310) 214-7254
12

13 Counsel For Plaintiff

14 ☒  **BY MAIL:** As follows:  I am "readily familiar" with the firm's practice of collection and
       processing correspondence for mailing.  Under that practice, I deposited such envelope in
15     the mail at Orange, California..

16 ☒  **BY ELECTRONIC TRANSFER:** I caused all of the pages of the above-entitled
       document to be sent to the recipient(s) noted via electronic mail (email).
17

18 ☐  **BY FEDERAL EXPRESS/OVERNIGHT MAIL:** I caused the above-described
       document to be served on the interested parties noted as follows by Federal
19     Express/Overnight Mail.

20 ☐  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the
       office(s) of the addressee via messenger.

21 ☐  **(State):** I declare under penalty of perjury under the laws of the State of California that
22     the above is true and correct

23 ☒  **(Federal):** I declare that I am employed in the office of a member of the bar of this court
       at whose direction the service was made.
24

25 Executed on **December 11, 2009,** at Orange, California

26

27 _____
   **CHRISTINE HARRIS**
28