CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

### THIRD CLAIM FOR RELIEF

**(Breach of Fiduciary Duty -Against Defendant Bocchinfuso)**

94.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 93, above.

95.    Bocchinfuso was employed as MTI's Chief Technical Officer and Vice President Business Operations.  As an officer of the corporation who participated in management of the corporation and exercised discretionary authority, he owed MTI fiduciary duties, including without limitation the duty to refrain from activities or conduct that would compete with or otherwise harm MTI's business.

96.    By engaging in the acts set forth herein, instead of discharging his fiduciary duties to MTI by being loyal and honest and acting in the best interests of MTI, Bocchinfuso disregarded the interests of MTI and acted in his own self-interest, as alleged above, knowing and intending that his actions would have a detrimental effect on the business and affairs of MTI and would result in significant damage to MTI.  Bocchinfuso breached his fiduciary duties to MTI by the various acts described herein commencing on an exact date unknown to MTI but at least since June, 2007.

97.    As a direct and proximate result of Bocchinfuso's breach of his fiduciary duties to MTI, MTI was damaged by the loss of approximately eleven (11) employees, which constituted substantially all of the East Coast Division, solicitation and loss of its customers, interference with MTI's business, damage to its reputation in the east and west coast markets, and ultimately the downfall of the entire company.

98.    The foregoing acts were willful, malicious and taken with a conscious disregard for the rights and welfare of MTI and were performed with the intent to damage or destroy MTI's business.  MTI is therefore entitled to an award of exemplary damages in an amount of at least $1,000,000.00 according to proof at trial.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

**FOURTH CLAIM FOR RELIEF**

**(Breach of Common Law Duty of Loyalty - Against Defendants Franz, Butts, Bocchinfuso, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)**

99.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 98, above.

100.    While employed at MTI, the Defendants, who were MTI employees, owed an undivided common-law duty of loyalty to MTI.  This included the duty not to take any action which was inimical to the best interests of MTI and to affirmatively protect, preserve, and enhance MTI's interests and to refrain from doing anything that would work injury to MTI, or that would deprive MTI of profit or advantage that his skill and ability may bring to MTI.  By the actions described herein, these Defendants also breached the following subsidiary obligations of the duty of loyalty: the duty to refrain from competing with MTI and from taking action on behalf of or otherwise assisting MTI's competitors, the duty not to acquire a material benefit from a third party in connection with actions taken through such Defendant's use of his position, and the duty not to use or communicate confidential information of MTI for such Defendant's own purposes or those of a third party.  Rather than merely looking for new jobs, these Defendants schemed with FusionStorm to attempt get around their obligations under their agreements with and duties to MTI and to get around FusionStorm's agreement with MTI; they sought to carry out their defections to FusionStorm in a coordinated way that would at best hobble and at worst destroy MTI; some or all of them deleted MTI's confidential and proprietary information and trade secrets from their computers; and they took and used MTI's information and secrets to solicit MTI's customers and prospective customers on behalf of FusionStorm and in furtherance of their own interests, rather than the interests of MTI.

101.    These Defendants, and each of them, engaged in conduct, as alleged herein, likely to injure MTI or to benefit himself and/or MTI's competitors at the expense of MTI and in breach of  their common law duty of loyalty to MTI.

102.    These Defendants' breaches of their duty of loyalty caused actual harm to MTI and as a direct and proximate result of the foregoing breach of loyalty, MTI has been damaged in an

1  amount to be proven at trial but no less than $1,000,000.00.

2      103.    These Defendants' conduct as alleged herein was willful and malicious and

3  performed with the intent to damage MTI's business and to benefit themselves at MTI's expense.

4  MTI is therefore entitled to an award of exemplary or punitive damages according to proof at trial.

5  ### FIFTH CLAIM FOR RELIEF

6  ### (Breach of Statutory Duty of Loyalty - Against Defendants Franz, Bocchinfuso, Butts,

7  ### Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)

8      104.    MTI realleges and incorporates by reference as though fully set forth herein each

9  and every allegation of paragraphs 1 through 103, above.

10     105.    While employed at MTI, the former MTI employee Defendants owed statutory

11 duties of loyalty to MTI, including the duties to affirmatively protect, preserve, and enhance

12 MTI's interests, and to refrain from doing anything that would cause injury to MTI, or that would

13 deprive MTI of profit or advantage that his skill and ability may bring to MTI pursuant to

14 California Labor Code sections 2856-2863.  In particular, each of these Defendants owed MTI

15 duties to substantially comply with all the directions of MTI concerning the service on which he

16 was engaged; to use such skill as he possessed, so far as such skill was required, for the service

17 specified; and to the extent a Defendant had any business to transact on his own account that was

18 similar to that entrusted to him by MTI, to give the preference to the business of MTI.

19     106.    These Defendants engaged in conduct, as alleged herein, that was likely to – and

20 did – injure MTI or benefit themselves and/or MTI's competitors, at the expense of MTI and in

21 breach of their statutory duties to MTI.

22     107.    These Defendants' breaches of their statutory duties, including their statutory duty

23 of loyalty, caused actual harm to MTI, and as a direct and proximate result of the foregoing

24 breaches  MTI has been damaged in an amount to be proven at trial but not less than $1 million.

25     108.    Defendants' conduct as alleged herein was willful and malicious and performed

26 with the intent to damage MTI's business and to benefit themselves at MTI's expense. MTI is

27 therefore entitled to an award of exemplary or punitive damages according to proof at trial.

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Contract - Against Defendants FusionStorm, Serpico and Varel)

109.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 108, above.

110.    MTI had enforceable at-will contracts with its employees.

111.    Upon information and belief, FusionStorm, Serpico and Varel had full knowledge of the at-will contracts between MTI and the MTI employees, whom FusionStorm, Serpico and Varel recruited and solicited.

112.    Defendants FusionStorm, Serpico and Varel engaged in intentional, unfair and unlawful acts designed to induce a breach or disruption of these at-will contracts.  These acts, which are described in detail above, include (among other things) the wrongful acts of 1) scheming to hire and actually hiring Franz and Bocchinfuso to improperly solicit MTI employees in breach of their duties and obligations to MTI, 2) misusing MTI's confidential and proprietary information and trade secrets acquired by FusionStorm pursuant to the Mutual Confidentiality Agreement for purposes of soliciting MTI's employees and interfering with MTI's contracts with EMC, which purposes were not allowed by that agreement, 3) using MTI's confidential and proprietary information and trade secrets acquired by MTI's employees (including Bocchinfuso and Franz and other Defendants) to solicit, structure compensation packages for and hire MTI employees, to solicit its customers so MTI could not reap the benefits of its contracts with EMC, and to interfere with MTI's performance of its contracts with EMC.

113.    An actual breach or disruption of MTI's contractual relationships with MTI's employees occurred.

114.    FusionStorm's, Serpico's and Varel's actions were undertaken willfully, with malice and conscious disregard for MTI's rights. The actions of FusionStorm were approved, ratified, and/or performed by the officers and directors of FusionStorm, including defendants Varel and Serpico. MTI is therefore entitled to an award of exemplary or punitive damages

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    according to proof at trial.

2        115.    As a direct and proximate result of the actions taken by Defendants FusionStorm,

3    Serpico and Varel to interfere with the contracts between MTI and its employees, MTI has been

4    damaged in an amount to be proven at trial but no less than $1,000,000.00.

5                        **SEVENTH CLAIM FOR RELIEF**

6        **(Intentional Interference with Contract - Against Defendants Franz, Linsky,**

7                        **Prestininzi, and Bocchinfuso)**

8        116.    MTI realleges and incorporates by reference as though fully set forth herein each

9    and every allegation of paragraphs 1 through 115, above.

10       117.    MTI had enforceable at-will contracts with its employees.

11       118.    Upon information and belief, defendants had full knowledge of the at-will contracts

12   between MTI and the MTI employees whom defendants recruited and solicited, on FusionStorm's

13   behalf.

14       119.    These Defendants' intentional, unfair and unlawful acts were designed to induce a

15   breach or disruption of the contractual relationship with these at-will contracts.

16       120.    An actual breach or disruption of MTI's contractual relationships with MTI's

17   employees occurred.

18       121.    These Defendants' actions were undertaken willfully, with malice and conscious

19   disregard for MTI's rights.  Defendants' actions were approved and/or ratified by the officers and

20   directors of FusionStorm, including defendant Varel. MTI is entitled to an award of exemplary or

21   punitive damages according to proof at trial.

22       122.    As a direct and proximate result of the actions taken by Defendants, MTI has been

23   damaged in an amount to be proven at trial but not less than $1,000,000.00.

24   ///

25   ///

26   ///

27   ///

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## EIGHTH CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage - Against all Defendants)**

123.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 122, above.

124.    MTI had, and continued to have, ongoing and prospective economic relationships with its customers and EMC, and these relationships included the probability of future economic rewards for MTI.  MTI also had a prospective economic relationship with INX, which included a probable $21,000,000 transaction, in which INX was to purchase or merge with MTI.

125.    Defendants knew of these ongoing and prospective economic relationships between MTI and its customers and EMC, as well as the prospective transaction with INX.  Defendants also knew of the resulting actual and/or potential benefits these relationships, and the prospective INX transaction, conferred upon MTI.

126.    Defendants engaged in intentional, unfair and unlawful acts designed to disrupt MTI's economic relationships with its customers, EMC and INX, and these relationships were disrupted.

127.    Defendants' interference with MTI's prospective economic advantage was independently unlawful as alleged here because of, without limitation, the breaches of duty of loyalty by defendants Franz, Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar, the breach of fiduciary duties by Bocchinfuso, the Defendants' misappropriation, disclosure and use of MTI's proprietary and confidential information and trade secrets without authorization from MTI, breach of the Mutual Confidentiality Agreement by Defendants FusionStorm and Varel, and violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) and California Penal Code section 502(c)(2), (3), (6), (7).

128.    As a direct and proximate result of Defendants' unlawful conduct, MTI has been damaged in an amount to be proven at trial but not less than $1,000,000.00.

129.    Defendants' actions were undertaken willfully, with malice and conscious disregard for MTI's rights, and designed with the intent to damage MTI.  MTI is therefore entitled

1  to an award of exemplary or punitive damages according to proof at trial.

2  **NINTH CLAIM FOR RELIEF**

3  **(Violation of California Business and Profession Code §17200 –**

4  **Against all Defendants)**

5  130.    MTI realleges and incorporates by reference as though fully set forth herein each

6  and every allegation of paragraphs 1 through 129, above.

7  131.    Business and Professions Code §17200, et seq. provides as follows: "unfair

8  competition shall mean and include any unlawful, unfair or fraudulent business act or practice and

9  unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

10  (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

11  132.    Defendants have engaged in unfair competition in violation of Business and

12  Professions Code § §17200, et seq., by engaging in activities that are unlawful and unfair,

13  including without limitation the Defendants' misappropriation, improper disclosure and use of

14  MTI's confidential and proprietary information and trade secrets without authorization from MTI;

15  breaches of the duty of loyalty and unfair and deceptive practices in soliciting and unlawfully

16  taking MTI's customers by defendants Franz, Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias,

17  Linsky, Owen, Park, Prestininzi, and Tar; breach of fiduciary duties by Bocchinfuso; breach of the

18  Mutual Confidentiality Agreement by Defendants FusionStorm and Varel; and violations of the

19  Computer Fraud and Abuse Act and California Penal Code section 502(c)(2), (3), (6), (7) by the

20  Defendants.

21  133.    As a direct and proximate result of defendants' unfair competition as alleged

22  herein, MTI suffered damages and Defendants have been unjustly enriched, in an amount

23  according to proof at trial.

24  ///

25  ///

26  ///

27  ///

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

**CLARKSON, GORE & MARSELLA, APLC**
Attorneys At Law
Torrance, California

### TENTH CLAIM FOR RELIEF

### (Violation of California's Uniform Trade Secret Act - Against all Defendants)

134.     MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 133, above.

135.     MTI owns certain trade secrets, each of which is a formula, pattern, compilation, program, device, method, technique, process, or some other type of information, which derived independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use and which are the subject of efforts that are reasonable under the circumstances to maintain their secrecy.

136.     Among other things, the information, as detailed above, pertaining to each customer of MTI and MTI's customer list constitute trade secrets.

137.     As described above, MTI owns certain trade secrets that were misappropriated and improperly used by Defendants, and each of them.   138.     The Defendants, and each of them, obtained and were in possession of MTI's trade secrets subject to the terms and conditions of their respective agreements with MTI.

139.     MTI's trade secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. These trade secrets gave MTI a substantial business advantage over its competitors, including FusionStorm.

140.     MTI's trade secrets are and were subject to efforts that were reasonable under the circumstances to maintain their secrecy.

141.     Defendants improperly acquired, disclosed, and/or used MTI's trade secrets.

142.     As a result of defendants' misappropriation, disclosure and/or improper use of MTI's trade secrets, MTI has suffered damages as a consequence of defendants' conduct for which Defendants are liable, including but not limited to the loss of profits in an amount to be proven at trial, but not less than $3,000,000.00.

**ELEVENTH CLAIM FOR RELIEF**

**(Breach Of Covenant Of Good Faith And Fair Dealing - Against FusionStorm)**

143.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 142, above.

144.    On or about June 19, 2007, MTI and FusionStorm entered into a written Mutual Confidentiality Agreement.

145.    Defendant Varel signed that contract on FusionStorm's behalf.

146.    MTI has fully performed all obligations pursuant to that contract except those obligations MTI was prevented or excused from performing.

147.    Implied within the agreement between MTI and FusionStorm are covenants of good faith and fair dealing.

148.    As a result of the FusionStorm Agreement, FusionStorm was bound by the covenant of good faith and fair dealing and was required not to do anything to injure the right of MTI to receive the benefits of their agreement.  MTI fully expected that FusionStorm would abide by the contract and refrain from soliciting MTI employees for employment and MTI customers for business using improperly obtained confidential and proprietary information and trade secrets of MTI.    In particular, FusionStorm improperly obtained and used certain confidential and proprietary information and trade secrets of MTI that were improperly obtained by former MTI employees.

149.    FusionStorm knowingly and intentionally breached its duty of good faith and fair dealing by various acts commencing on or about June 19, 2007, which include the following:

a.    Intentionally targeting, recruiting and employing MTI's key employees that generated a significant portion of its business with EMC, which in turn made MTI attractive to INX and advising MTI employees to submit their resumes on-line to FusionStorm (via its public website for job seekers to apply for employment) for the purposes of hiding its solicitations of MTI's employees and wrongful acts toward its business; and

b.    Creating, facilitating and/or carrying out a scheme to use MTI's confidential and/or proprietary information and trade secrets obtained from MTI employees (in addition to

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1  information and trade secrets received from MTI pursuant to the Mutual Confidentiality

2  Agreement) to recruit and solicit MTI's employees and customers and to destroy MTI's business

3  and its prospects with EMC and INX.

4      150.    As a direct and proximate result of FusionStorm's breach of the covenant of good

5  faith and fair dealing implied in the Mutual Confidentiality Agreement, MTI has been damaged in

6  an amount to be proven at trial, but not less than $1,000,000.00.

7      151.    FusionStorm's conduct in breaching the covenant of good faith and fair dealing

8  was oppressive, fraudulent and malicious such that MTI is entitled to recover against each

9  Defendant exemplary and punitive damages in an amount to be determined according to proof at

10  trial, but in any event an amount at least three times MTI's actual damages.

11  **TWELFTH CLAIM FOR RELIEF**

12  **(Breach of Covenant of Good Faith and Fair Dealing - Against Defendants Butts,**

13  **Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)**

14      152.    MTI realleges and incorporates by reference as though fully set forth herein each

15  and every allegation of paragraphs 1 through 151, above.

16      153.    MTI and each of the defendants Butts, Bocchinfuso, Dwyer, Franz, Griffin,

17  Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar entered into written Confidentiality and

18  Nondisclosure Agreements, Use & Compliance Agreements, and other employment agreements,

19  as set forth above.  MTI had the expectation that its employees would abide by their duty to keep

20  all MTI information and trade secrets confidential and would not use that information or trade

21  secrets to compete against MTI or solicit its for customers or other MTI employees to work for a

22  competitor.  MTI fully explained and disclosed to them that it considered all of the customer

23  information (as well as MTI's other business information and trade secrets) confidential.  In

24  addition, MTI's employment agreements set forth that MTI employees would refrain from any

25  solicitation of MTI employees for any competitors.

26      154.    Implied within the agreements between MTI and defendants Butts, Bocchinfuso,

27  Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar, are covenants of

28  good faith and fair dealing by these Defendants.

**CLARKSON, GORE & MARSELLA, APLC**
Attorneys At Law
Torrance, California

155.   As a result of the agreements entered into between MTI and each of Butts, Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar, each of those Defendants agreed to covenants of good faith and fair dealing implied in those agreements.

156.   MTI has fully performed all of its obligations under its contracts with these Defendants except those obligations MTI was prevented or excused from performing.

157.   Each of these Defendants violated the covenant of good faith and fair dealing implied in his agreement with MTI  by various acts commencing on an exact date unknown to MTI but at least since May, 2007, including but not limited to the following:

a.   Conspiring with other employees, Defendants and/or FusionStorm to leave MTI together – at the same time – and to solicit other MTI employees to leave MTI with them, all to the detriment of MTI and its business;

b.   Attending "secret" meeting(s) with FusionStorm and coordinating these Defendants' defection from MTI to FusionStorm, while employed by MTI;

c.   Delaying the placing orders from MTI customers, so that these Defendants could place such orders with FusionStorm instead of MTI, once their employment with FusionStorm commenced, and

d.   Contacting MTI customers and soliciting MTI customers to move to FusionStorm.

e.   Using MTI's confidential and proprietary information to compete with MTI after termination of their employment with MTI and to hobble its business.

158.   As a direct and proximate result of each such Defendant's breach of the covenant of good faith and fair dealing , MTI has been damaged in an amount to be proven at trial but not less than $1,000,000.00.

159.   Defendants' conduct in breaching their respective covenants of good faith and fair dealing was oppressive, fraudulent and malicious such that MTI is entitled to recover against each Defendant exemplary and punitive damages in an amount to be determined according to proof at trial, but in any event an amount at least three times MTI's actual damages.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1

## THIRTEENTH CLAIM FOR RELIEF

2

### (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 63

3

### Filed By Christopher Butts- 11 U.S.C. § 502)

4      160.    MTI realleges and incorporates by reference as though fully set forth herein each

5   and every allegation of paragraphs 1 through 159, above.

6      161.    On November 13, 2007, Butts filed with the Court a proof of claim in the total

7   amount of $5,202.92; such claim was designated by the Court as Claim No. 63 ("Butts' Claim").

8   A true and correct copy of **Claim No. 63** is attached hereto.

9      162.    The Debtor objects to Butts' Claim because its books and records reflect that the

10   following amounts were due: $4,160.92 priority and $540.44 non-priority.  These amounts were

11   derived as follows:  The Debtor reviewed its books and records and determined Butts was owed

12   unreimbursed expenses in the amount of $540.55, and commissions in the amount of $4,160.92.

13   As an initial matter, therefore, to the extent Butts' Claim exceeds these amounts in these

14   classifications, Butts'·Claim should be disallowed.

15      163.    In addition, the Debtor has claims against Butts, as asserted herein, which would

16   serve as a complete offset to Butts' Claim, so the Debtor has a right to set off against the Butts'

17   Claim and therefore disputes that any amount was owed to Butts as of the Petition Date as a result

18   of such setoff.

19      164.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such

20   claim is unenforceable against the debtor and property of the debtor under any agreement or

21   applicable law. Pursuant to 11 U.S.C. §502(d), the Court shall disallow any claim of any entity (a)

22   from which property is recoverable under the turnover and preferential setoff provisions of the

23   Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions

24   of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any

25   such property, for which such entity or transferee is liable.

26      165.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims

27   must be determined by the Court after an objection is made.

28

1   166.   In this Thirteenth Claim For Relief, for the reasons discussed above, MTI objects to

2   Butts' Claim of $5,202.92 in its entirety.   MTI requests the Court to sustain the objections set forth

3   herein and to enter judgment in favor of MTI and against Butts by disallowing the Butts Claim in

4   its entirety.

5   **FOURTEENTH CLAIM FOR RELIEF**

6   **(Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 96**

7   **Filed By Marc Franz- 11 U.S.C. § 502)**

8   167.   MTI realleges and incorporates by reference as though fully set forth herein each

9   and every allegation of paragraphs 1 through 166, above.

10   168.   On  November 26, 2007, Franz filed with the Court a proof of claim in the total

11   amount of $24,027.70; such claim was designated by the Court as Claim No. 96  ("Franz'

12   Claim").  A true and correct copy of **Claim No. 96** is attached hereto.

13   169.   The Debtor objects to Franz' Claim because its books and records reflect that the

14   following amounts were due: $10,950.00 priority and $7,695.00 non-priority.  These amounts

15   were derived as follows:  The Debtor reviewed its books and records and determined that Franz

16   was owed commissions in the amount of $18,645.00.   As an initial matter, therefore, to the extent

17   Franz' Claim exceeds these amounts in these classifications, Franz' Claim should be disallowed.

18   170.   In addition, the Debtor has claims against Franz, as asserted herein, which would

19   serve as a complete offset to Franz' Claim and therefore disputes that any amount was owed to

20   Franz as of the Petition Date as a result of such setoff.

21   171.   Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such

22   claim is unenforceable against the debtor and property of the debtor under any agreement or

23   applicable law. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity (a)

24   from which property is recoverable under the turnover and preferential setoff provisions of the

25   Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions

26   of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any

27   such property, for which such entity or transferee is liable.

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

172.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made.

173.    In this Fourteenth Claim For Relief, for the reasons discussed above, MTI objects to Franz' Claim of $24,027.70 in its entirety.  MTI requests the Court to sustain the objections set forth herein and to enter judgment in favor of MTI and against Franz by disallowing Franz' Claim in its entirety.

## FIFTEENTH CLAIM FOR RELIEF

### (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 246 Filed By Robert Owen- 11 U.S.C. § 502)

174.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 173, above.

175.    On April 29, 2008, Owen filed a Proof of Claim.  The Proof of Claim was amended with the Court in the total amount of $14,539.79; such amended claim was designated by the Court as Claim No. 246 ("Owen's Claim"). A true and correct copy of **Proof of Claim No. 246** is attached hereto.

176.    The Debtor has claims against Owen, as asserted herein, which would serve as a complete offset to Owen's Claim and therefore disputes that any amount was owed to Owen as of the Petition Date as a result of such setoff.

177.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity (a) from which property is recoverable under the turnover and preferential setoff provisions of the Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

178.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

**CLARKSON, GORE & MARSELLA, APLC**
Attorneys At Law
Torrance, California

179.    In this Fifteenth Claim For Relief, for the reasons discussed above, MTI objects to Owen's Claim of $14,539.79 in its entirety.  MTI requests the Court to sustain the objections set forth herein and to enter judgment in favor of MTI and against Owen by disallowing Owens' Claim in its entirety.

## SIXTEENTH CLAIM FOR RELIEF

**(Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 497 Filed By Robert Linsky- 11 U.S.C. § 502)**

180.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 179, above.

181.    On June 18, 2008, Linsky filed a Proof of Claim with the Court in the total amount of $129,839.63; such claim was designated by the Court as Claim No. 497 ("Linsky's Claim"). A true and correct copy of the Proof of **Claim No. 497** is attached hereto.

182.    The Debtor objects to Linsky's Claim because its books and records reflect that the following amounts were due to Linsky on the Petition Date: $10,950.00 priority and $30,079.76 non-priority.  These amounts were derived as follows:  The Debtor reviewed its books and records and determined that Linsky was owed unpaid commissions in the amount of $41,029.76 on the Petition Date.   As an initial matter, therefore, to the extent Linsky's Claim exceeds these amounts in these classifications, Linsky's Claim should be disallowed.

183.    The Debtor has claims against Linsky, as asserted herein, which would serve as a complete offset to Linsky's Claim and therefore disputes that any amount was owed to Linsky as of the Petition Date as a result of such setoff.

184.    Pursuant to 11 U.S.C. §502(b)(1) a claim shall be disallowed to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity (a) from which property is recoverable under the turnover and preferential setoff provisions of the Bankruptcy Code, or (b) that is a transferee of a transfer avoidable under the avoidance provisions of the Bankruptcy Code unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    185.    Pursuant to § 502 of the Bankruptcy Code, the allowance or disallowance of claims

2    must be determined by the Court after an objection is made.

3    186.    In this Sixteenth Claim For Relief, MTI objects to Linsky's Claim of $129,839.63

4    in its entirety.  MTI requests the Court to sustain the objections set forth herein and to enter

5    judgment in favor of MTI and against Linskyby disallowingLinsky's Claim in its entirety.

6    **SEVENTEENTH CLAIM FOR RELIEF**

7    **(Violation of the Automatic Stay under 11 U.S.C. § 362 – Against All Defendants)**

8    187.    MTI realleges and incorporates by reference as though fully set forth herein each

9    and every allegation of paragraphs 1 through 186, above.

10    188.    After the Petition Date, the Defendants improperly used – and continue to

11    improperly use – MTI's confidential and proprietary information and trade secrets to solicit

12    business from MTI's former customers.

13    189.    Pursuant to Bankruptcy Code § 362(a)(3), such acts to exercise control over

14    property of the Estate violate the automatic stay in this case.  The Defendants' *sub rosa* activities

15    in copying and then deleting MTI's confidential and proprietary information and trade secrets

16    from their Blackberries and computers evidence their knowing and intentional possession, use and

17    exercise of control over property of the Estate.

18    190.    As a direct and proximate result of Defendant's violation of the automatic stay,

19    MTI has been damaged in an amount to be proven at trial but not less than $1,000,000.

20    **EIGHTEENTH CLAIM FOR RELIEF**

21    **(Violation of the Computer Fraud and Abuse Act ("CFAA") -18 U.S.C. § 1030 – Against All**

22    **Defendants)**

23    191.    MTI realleges and incorporates by reference as though fully set forth herein each

24    and every allegation of paragraphs 1 through 190, above.

25    192.    MTI asserts this private right of action pursuant to 18 U.S.C. § 1030(g).  *See*

26    *Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 764 (N.D. Ill. 2009).

27    193.    The Defendants violated section 1030(a)(2) of the CFAA by intentionally accessing

28    protected computers owned by MTI without authorization or by exceeding authorized access and

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    thereby obtained information from those computers.  MTI did business in more than one State and

2    in foreign countries, the MTI employee Defendants used MTI computers to carry out MTI's

3    business, and the computers of MTI (including the laptop computers used by the MTI employee

4    Defendants) were used in or affected interstate or foreign commerce or communication.  In

5    particular, they were connected to the Internet, which is an instrumentality and channel of

6    interstate commerce.

7         194.    The MTI employee Defendants accessed email messages generated on behalf of

8    MTI on their computers and sent certain of those messages to their personal email addresses

9    and/or to FusionStorm.  They also accessed other confidential and proprietary information and

10   trade secrets of MTI on MTI's computers without authorization or in excess of their authorization.

11        195.    On information and belief, the Defendants' acts caused MTI to incur losses of over

12   $ 5,000 related to damage of MTI's computers and assessments by MTI to determine what

13   remedial actions (if any) to take.

14        196.    The Defendants also violated section 1030(a)(4) of the CFAA.  Each Defendant (1)

15   knowingly and with the intent to defraud by improperly using MTI's confidential and proprietary

16   information and trade secrets for themselves and the other Defendants, (2) accessed a protected

17   computer owned by MTI, (3) without authorization or in excess of his authorization, and (4) by

18   such conduct obtained valuable confidential and proprietary information and trade secrets,

19   including information about MTI's customers, which constitute "something of value" of MTI and

20   furthered the intended fraud.

21        197.    The Defendants' unauthorized access was at the behest of FusionStorm (or its

22   agent), and the Defendants sent the files and other information that they improperly obtained to

23   FusionStorm through its Chairman of the Board and its Chief Executive Officer & Chief Financial

24   Officer and its new hires, Bocchinfuso and Franz, and by sending information to their personal

25   email addresses for their use on behalf of FusionStorm.  MTI suffered significant losses and

26   damages as a result of such unauthorized access.  MTI lost at least $1,000,000.00 in business from

27   customers and ultimately could not re-create or rebuild the East Coast Division prior to its

28   bankruptcy filing, so these acts also caused MTI to cease operations with a concomitant loss of

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    value associated with being a going concern.

2        198.    The Defendants also violated section 1030(a)(5) of the CFAA because the

3    Defendants' conduct resulted in damage from impairment to the integrity or availability of data,

4    program(s), system(s), or information.  The MTI employee Defendants deleted MTI's information

5    about MTI's customers, including proprietary and confidential information and trade secrets, from

6    their laptop computers, which impaired the integrity and/or availability of MTI's data and

7    information.

8        199.    FusionStorm, Varel and Serpico knew of and encouraged these actions by the MTI

9    employee Defendants, and they asked or encouraged MTI employees to access protected

10    computers on their behalf, after which the MTI employees obtained and sent MTI's confidential

11    and proprietary information and trade secrets to FusionStorm, Varel, Serpico and the other

12    Defendants for the benefit of FusionStorm.

13        200.    MTI also suffered losses from incurring costs of investigating the Defendants'

14    actions for damage and loss of data in excess of $5,000.

15        201.    As a direct and proximate result of Defendant's violations of the Computer Fraud

16    and Abuse Act, MTI has been damaged, including but not limited to the loss of profits, in an

17    amount to be proven at trial but not less than $1,000,000.00.

18                              **NINETEENTH CLAIM FOR RELIEF**

19    **(Violation of California Penal Code section 502(c)(2), (3), (6), (7) - Against all Defendants)**

20        202.    MTI realleges and incorporates by reference as though fully set forth herein each

21    and every allegation of paragraphs 1 through 201, above.

22        203.    MTI asserts this action pursuant to 502(e).

23        204.    Defendants violated California Penal Code section 502(c)(2) by knowingly

24    accessing and without permission taking, copying, and making use of MTI's data and/or any

25    supporting documentation from MTI's computers, computer system, or computer network.

26        205.    Defendants violated California Penal Code section 502(c)(3) by knowingly and

27    without permission using or causing to be used computer services, including, but not limited to,

28    computer time, data processing, or storage functions, or other uses of a computer, computer

                                      -45-

1  system, or computer network of MTI.

2      206.    Defendants violated California Penal Code section 502(c) (6) by knowingly and

3  without permission providing or assisting in providing a means of accessing MTI's computers,

4  computer system, or computer network.

5      207.    Defendants violated California Penal Code section 502(c)(7) by knowingly and

6  without permission accessing or causing to be accessed MTI's computer, computer system, or

7  computer network.

8      208.    This action is brought pursuant for the Defendants' willful violation of the

9  provisions of Penal Code section 502(c), and each of the Defendants has been guilty of

10  oppression, fraud, or malice as defined in subdivision (c) of Section 3294 of the Civil Code.

11      209.    Plaintiff has been injured by the violations of California Penal Code section 502(c)

12  alleged herein and is entitled to compensatory damages, attorneys' fees and punitive or exemplary

13  damages pursuant to California Penal Code § 502(e).

14      **TWENTIETH CLAIM FOR RELIEF**

15      **(Equitable Subordination Under Sections 510(c)(1) and 105(a) of the**

16      **Bankruptcy Code; Against All Defendants That Submitted Proofs of Claim)**

17      210.    MTI realleges and incorporates by reference as though fully set forth herein each

18  and every allegation of paragraphs 1 through 209, above.

19      211.    Plaintiff alleges this claim against all Defendants that have asserted claims against

20  the Debtor that may, directly or indirectly, benefit any Defendant.

21      212.    The Defendants engaged in inequitable conduct, including conduct described in this

22  Complaint that has resulted in injury to the Estate and creditors of the Debtor or the conferring of

23  an unfair advantage on the Defendants. This inequitable conduct has resulted in harm to the Estate

24  and to MTI's entire creditor body in that these actions damaged the Debtor's business significantly

25  and general unsecured creditors are less likely to recover the full amounts due them because of the

26  conduct of the Defendants.

27      213.    Under principles of equitable subordination, to the extent that any proofs of claim

28  asserted against the Debtor by, on behalf of, or for the benefit of the Defendants are not disallowed

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

**CLARKSON, GORE & MARSELLA, APLC**
Attorneys At Law
Torrance, California

1  by the Court as requested herein, such proofs of claim should be subordinated for purposes of

2  distribution, pursuant to Sections 510(c)(1) and 105(a) of the Bankruptcy Code.

3      214.    The proofs of claim that have been filed (of which the Debtor is aware) on behalf of

4  the Defendants are the Butts Claim, the Franz Claim, the Linsky Claim, and the Owen Claim.  To

5  the extent any other proof of claim has been or is filed on behalf of or for the benefit of any

6  Defendant or any affiliate of a Defendant, those claims are included in this Claim for Relief. The

7  Court should exercise the full extent of its equitable powers to ensure that claims, payments, or

8  benefits, of whatever kind or nature, which are asserted or sought by the Defendants or their

9  affiliates, directly or indirectly, against the Debtor are subordinated pursuant to Sections 510(c)(1)

10  and 105(a) of the Bankruptcy Code.  No funds which would otherwise be paid to general

11  unsecured creditors should be paid to any of the Defendants or their affiliates.  In particular:

12      a. Direct claims by any of the Defendants or their affiliates against the Debtor

13  should be subordinated.

14      b. Claims asserted by other entities (if any) against the Debtor, which claims are, in

15  whole or in part, directly or indirectly, on behalf of or for the benefit of a Defendant or any of their

16  affiliates, should be subordinated to that extent.

17      215.    Equitable subordination as requested herein is consistent with the provisions and

18  purposes of the Bankruptcy Code.

19              **TWENTY FIRST CLAIM FOR RELIEF**

20      **(Aiding and Abetting Breach of Fiduciary Duty - Against FusionStorm, Varel, Serpico,**

21      **Franz, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)**

22

23      216.    MTI realleges and incorporates by reference as though fully set forth herein each

24  and every allegation of paragraphs 1 through 215, above.

25      217.    As discussed herein, Bocchinfuso owed fiduciary duties to MTI.  These duties

26  required Bocchinfuso at all times to act on behalf of MTI in good faith, to exercise the care that an

27  ordinarily prudent person in a like position would exercise under similar circumstances, and to

28  conduct himself in a manner he reasonably believed to be in the best interest of MTI.  As part of

1  his fiduciary duties, Bocchinfuso at all times was required to be honest and candid and to make

2  complete disclosure in his dealings with the company and its management and with respect to its

3  employees, confidential and proprietary information and trade secrets.

4       218.    By virtue of the acts and omissions described in this Complaint, Bocchinfuso

5  repeatedly violated his fiduciary duties to MTI.  In particular, Bocchinfuso violated his duties of

6  good faith, due care, and loyalty by causing MTI employees to seek employment with

7  FusionStorm and using MTI's confidential and proprietary information and trade secrets, as

8  described in this Complaint, for the purpose and with the effect of injuring MTI's business.

9       219.    By virtue of the acts and omissions described in this Complaint, FusionStorm,

10  Varel, Serpico, Franz, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and

11  Tar (the "Aiding Defendants") knowingly gave substantial assistance to Bocchinfuso in breaching

12  his fiduciary duties to MTI for their own gain.  FusionStorm, Varel, Serpico, and Franz sought to

13  increase FusionStorm's business and obtain their own gain therefrom.  Butts, Dwyer, Griffin,

14  Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar sought not only to obtain new jobs but

15  obtain MTI's customers for FusionStorm to maximize their compensation from FusionStorm and

16  to damage MTI's business.

17       220.    FusionStorm, Varel, Serpico, and Franz gave substantial assistance to Bocchinfuso

18  by concocting the scheme to raid MTI's employees and customers and improperly soliciting MTI

19  employees and using MTI's confidential and proprietary information and trade secrets (which

20  were obtained pursuant to the Mutual Confidentiality Agreement and/or from MTI employees)

21  with actual knowledge that the purpose of Bocchinfuso's actions was to improperly solicit MTI's

22  employees and customers, to damage its relationships with EMC and INX, and to damage MTI's

23  business in general.

24       221.    Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar gave

25  substantial assistance to Bocchinfuso by responding to improper solicitations by Bocchinfuso and

26  other Defendants, accepting employment by FusionStorm as a result of those solicitations,

27  submitting their resumes to FusionStorm's online site to mask those improper solicitations, and

28  misappropriating and misusing MTI's confidential and proprietary information and trade secrets to

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1   solicit MTI's customers and to carry out FusionStorm's scheme to move the East Coast Division

2   to FusionStorm.  Further, the actions of Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park,

3   Prestininzi, and Tar, which are described herein, constitute breaches of each such Defendant's

4   common law duty of loyalty and statutory duties to MTI.

5         222.     By virtue of the acts and omissions described herein, the Aiding Defendants gave

6   substantial assistance to Bocchinfuso by soliciting Bocchinfuso to take such actions, offering

7   Bocchinfuso a job and bonus compensation for successfully soliciting such employees, misusing

8   such information and trade secrets of MTI, and soliciting, offering jobs to and/or hiring employees

9   of the East Coast Division to carry out these actions.

10         223.     As a direct and proximate result of the Aiding Defendants' actions and omissions,

11   MTI was injured and damaged in at least the following ways: (1) its employees of its East Coast

12   Division, which generated the majority of MTI's revenues, left the company and took orders with

13   them, and MTI became insolvent and/or its insolvency deepened; (2) MTI was forced to file

14   bankruptcy and incurred and continues to incur substantial legal and administrative costs; (3)

15   MTI's relationships with its customers, suppliers and employees were undermined; and (4) its

16   assets and prospects for generating revenue were dissipated.

17         224.     The foregoing acts were willful, malicious and taken with a conscious disregard

18   for the rights and welfare of MTI and were performed with the intent to damage or destroy MTI's

19   business.  MTI is therefore entitled to an award of exemplary damages in an amount of at least

20   $1,000,000.00 according to proof at trial.

21                             **TWENTY SECOND CLAIM FOR RELIEF**

22                               **(Conversion -by all Defendants)**

23         225.     MTI realleges and incorporates by reference as though fully set forth herein each

24   and every allegation of paragraphs 1 through 225, above.

25         226.     Plaintiff owned and/or had a right to possession of its proprietary and confidential

26   information and trade secrets.

27

28

227.   As previously alleged herein, Defendants' wrongful acts toward such property included using such information and trade secrets without authority to solicit MTI's employees and customers for the benefit of the Defendants (particularly FusionStorm) and deleting such information from MTI's computers.  These acts were wrongful; they interfered with Plaintiff's possession of such property; and these acts caused damage to Plaintiff as a result of the loss of its employees and customers, and loss of this information and trade secrets, including but not limited to orders by customers.

228.   As a result of the Defendants' conversion of MTI's property, MTI has suffered damages as a consequence of the Defendants' conduct for which they are liable, including but not limited to the loss of profits in an amount to be proven at trial, but not less than $1,000,000.00.

## TWENTY THIRD CLAIM FOR RELIEF

### (Intentional Interference with Contract - Against All Defendants)

229.   MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 228, above.

230.   MTI had enforceable contracts with EMC.

231.   Upon information and belief, the Defendants had full knowledge of MTI's contracts with EMC.

232.   The Defendants' intentional, unfair and unlawful acts were designed to induce a breach or disruption of the contractual relationships between MTI and EMC.  These acts, which are described in detail above, include the wrongful acts of using MTI's confidential and proprietary information and trade secrets acquired to solicit, structure compensation packages for and hire MTI employees, to solicit its customers so MTI could not reap the benefits of its contracts with EMC, and to interfere with MTI's performance of its contracts with EMC.

233.   An actual breach or disruption of MTI's contractual relationship with EMC occurred.

234.   The Defendants' actions were undertaken willfully, with malice and conscious disregard for MTI's rights.  MTI is entitled to an award of exemplary or punitive damages according to proof at trial.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

235.    As a direct and proximate result of the actions taken by Defendants, MTI has been damaged in an amount to be proven at trial but not less than $1,000,000.00.

### TWENTY FOURTH CLAIM FOR RELIEF

### (Turnover pursuant to 11 U.S.C. 542 - Against All Defendants)

236.    MTI realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 235, above.

237.    The property of the Estate includes (but is not limited to) certain confidential and proprietary information and trade secrets, which have significant value, about MTI's customers, employees and business, as described herein, and the Debtor has the right to use, sell or lease such property under Bankruptcy Code § 363.

238.    Upon information and belief, some of MTI's confidential and proprietary information and trade secrets (which constitute property of the Estate) came into the Defendants's possession, custody, or control as a result of the activities described herein, and such property is still in the Defendants' possession, custody, or control.  The Defendants came into possession, custody or control of such property by the MTI employee Defendants' *sub rosa* activities in copying and then deleting such property from their Blackberries and laptop computers and/or the Defendants' encouragement, receipt and use of such property as part of FusionStorm's scheme. Such activities evidence the Defendants' knowing and intentional possession, use and exercise of control over property of the Estate.

239.    Pursuant to Section 542(a) of the Bankruptcy Code, each of the Defendants should be required to deliver to the Debtor, and account for, such property or the value of such property.

### PRAYER FOR RELIEF

Wherefore, Plaintiff MTI requests the Court to grant it the following relief:

1.    On The First Claim for Relief (Breach of Contract - Against FusionStorm)

    a.  For compensatory damages according to proof.

2.    On The Second Claim for Relief (Breach of Contract - Against Defendants Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias, Franz, Linsky, Owen, Park, Prestininzi, and Tar)

    a.    For compensatory damages according to proof.

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    3.    On The Third Claim for Relief (Breach of fiduciary duty - Against Bocchinfuso)

2         a.   For compensatory damages according to proof; and.

3         b.   For punitive damages.

4    4.    On The Fourth Claim for Relief (Breach of Common Law Duty of Loyalty - Against

5    Franz, Butts, Bocchinfuso, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)

6         a.   For compensatory damages according to proof; and

7         b.   For punitive damages.

8    5.    On The Fifth Claim for Relief (Breach of Statutory Duty of Loyalty - Against Defendants

9    Franz, Bocchinfuso, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)

10        a.   For compensatory damages according to proof; and

11        b.   For punitive damages.

12   6.    On The Sixth Claim for Relief (Intentional interference with Contract – Against

13   FusionStorm, Serpico and Varel)

14        a.   For compensatory damages according to proof; and

15        b.   For punitive damages.

16   7.    On The Seventh Claim for Relief (Intentional Interference with Contract - Against

17   Defendants Franz, Linsky, Prestininzi, and Bocchinfuso)

18        a.   For compensatory damages according to proof; and

19        b.   For punitive damages.

20   8.    On The Eighth Claim for Relief (Intentional Interference with Prospective Economic

21   Advantage - Against all Defendants)

22        a.   For compensatory damages according to proof; and

23        b.   For punitive damages.

24   9.    On The Ninth Claim for Relief (Violation of California Business and Profession Code

25   §17200 – Against all Defendants)

26        a.  For restitution of all money or property unlawfully obtained by the Defendants by

27   means of unfair competition or otherwise in violation of California Business and Profession Code

28   §17200.

10.     On The Tenth Claim for Relief (Violation of California's Uniform Trade Secret Act - Against all Defendants)

    a.  For compensatory damages according to proof.

    b.  For the amount received by the Defendants that constitutes unjust enrichment.

    c.  If neither damages nor unjust enrichment caused by misappropriation are provable, then a reasonable royalty.

11.     On The Eleventh Claim for Relief (Breach Of Covenant Of Good Faith And Fair Dealing - Against FusionStorm)

    a.  For compensatory damages according to proof.

    b.  For punitive damages.

12.     On The Twelfth Claim for Relief (Breach of Covenant of Good Faith and Fair Dealing - Against Defendants Butts, Bocchinfuso, Dwyer, Franz, Griffin, Krekoukias, Linsky, Owen, Park, Prestininzi, and Tar)

    a.  For compensatory damages according to proof.

    b.  For punitive damages.

13.     On the  Thirteenth Claim for Relief (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 63 Filed By Christopher Butts- 11 U.S.C. § 502)

    a.     MTI's objection to the entirety of Butts' Claim of approximately $5,202.92 is sustained, and Butts' Claim is disallowed in its entirety.

    b.     Attorneys fees incurred by Debtor litigating the merits of Butts' Claim.

14.     On the Fourteenth Claim for Relief (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 96  Filed By Marc Franz- 11 U.S.C. § 502)

    a.     MTI's objection to the entirety of Franz' Claim of approximately $24,027.70 is sustained, and Butts' Claim is disallowed in its entirety.

    b.     Attorneys fees incurred by Debtor litigating the merits of Franz' Claim.

15.     On the Fifteenth Claim for Relief (Objection To Claim Requesting Disallowance Of All Or Part Of Proof Of Claim No. 246   Filed By Robert Owen- 11 U.S.C. § 502)

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    a.    MTI's objection to the entirety of Owen's Claim of approximately $14,539.79 is

2 sustained, and Butts' Claim is disallowed in its entirety.

3    b.    Attorneys fees incurred by Debtor litigating the merits of Owen's Claim.

4 16.    On the Sixteenth Claim for Relief (Objection To Claim Requesting Disallowance Of All

5 Or Part Of Proof Of Claim No. 497 Filed By Robert Linsky- 11 U.S.C. § 502)

6    a.    MTI's objection to the entirety of Linsky's Claim of approximately $129,839.63 is

7 sustained, and Butts' Claim is disallowed in its entirety.

8    b.    Attorneys fees incurred by Debtor litigating the merits of Linsky's Claim.17.

9    On the Seventeenth Claim for Relief (Violation of the Automatic Stay under 11 U.S.C. §

10 362 - All Defendants)

11    a.  For compensatory damages according to proof.

12 18.    On the Eighteenth Claim for Relief (Violation of the Computer Fraud and Abuse Act

13 ("CFAA") -18 U.S.C. § 1030 – Against All Defendants)

14    a.  For compensatory damages according to proof.

15 19.    On the Nineteenth Claim for Relief (Violation of California Penal Code section 502(c)(2),

16 (3), (6), (7) - Against all Defendants)

17    a.  For compensatory damages according to proof.

18    b.  For punitive damages.

19    c.  For attorneys' fees.

20 20.    On the Twentieth Claim for Relief (Equitable Subordination Under Sections 510(c)(1) and

21 105(a) of the Bankruptcy Code; Against All Defendants That Submitted Proofs of Claim)

22    For subordination of all claims or proofs of claim that have been filed or brought or which

23 may hereafter be filed or brought by, on behalf of, or for the benefit of any of the Defendants,

24 against MTI in the related bankruptcy proceedings, as identified in the Twentieth Claim for Relief.

25 21.    On the Twenty First Claim for Relief (Aiding and Abetting Breach of Fiduciary Duty -

26 Against FusionStorm, Varel, Serpico, Franz, Butts, Dwyer, Griffin, Krekoukias, Linsky, Owen,

27 Park, Prestininzi, and Tar)

28

-54-

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1

2    a. For compensatory damages according to proof.

3    b. For punitive damages.

4 22.  On the Twenty Second Claim for Relief (Conversion -Against all Defendants)

5    a. For compensatory damages according to proof.

6    b. For punitive damages.

7 23.  On the Twenty Third Claim for Relief (Intentional Interference with Contract - Against All

8 Defendants)

9    a. For compensatory damages according to proof.

10    b. For punitive damages.

11 24.  On the Twenty Fourth Claim for Relief (Turnover- Against All Defendants)

12    a. For turnover of the property of the Estate that is in the Defendants' possession,

13 custody or control.

14 25.  On All Claims for Relief

15    a. To the extent any of the Defendants improperly received any property or funds that

16 are property of MTI (including but not limited to any fees collected by FusionStorm from MTI's

17 former clients to which MTI was entitled) as a result of any of the Claims for Relief set forth

18 herein, such property or funds are and should be held in a constructive trust for the benefit of the

19 Estate and/or turned over to MTI.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27

28

1         b.  Exemplary and/or punitive damages, and reasonable attorneys' fees and related

2  costs incurred by or on behalf of the Debtor in pursuing the claims set forth in this Complaint, for

3  which each Defendant is liable under applicable law.

4         c.  Such other and further relief that this Court deems just and proper.

5

6

7  DATED: March 4, 2010                 **Clarkson, Gore & Marsella, APLC**

8

9

10                           By: _____

11                           Scott Clarkson

12                           Israel Saperstein
                         Eve Marsella

13                           Attorneys for Plaintiff, Debtor and Debtor in
                         Possession, MTI Technology Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLARKSON, GORE & MARSELLA, APLC**
Attorneys At Law
Torrance, California