1 │ NORMAN J. WATKINS (SBN #87327)
   │ nwatkins@lynberg.com
2 │ COURTNEY L. HYLTON (SBN #214929)
   │ chylton@lynberg.com
3 │ LYNBERG & WATKINS
   │ A Professional Corporation
4 │ 333 City Boulevard West, Suite 640
   │ Orange, California 92868-5915
5 │ (714) 937-1010 Telephone
   │ (714) 937-1003 Facsimile
6 │
   │ Attorneys for All Defendants
7 │

FILED

APR 15 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

8 │ **UNITED STATES BANKRUPTCY COURT**

9 │ **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10 │

| | |
|---|---|
| In re: | CASE NO: 8:07-bk-13347-ES |
| MTI TECHNOLOGY CORPORATION, A Delaware Corporation, | Adv. No.: 8:09-01639-ES Chapter 11 |
| Debtor and Debtor in Possession. | *Assigned for All Purposes to:* Hon. Erithe A. Smith |
| MTI TECHNOLOGY CORPORATION, A Delaware Corporation, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1), 12(b)(6), AND 12(f) OR IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING ADVERSARY PROCEEDING UNDER 28 USC §1334(c)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER** |
| Plaintiff, | |
| vs. | |
| FUSIONSTORM, A Delaware Corporation; JOHN VAREL, an individual; DANIEL R. SERPICO, an individual, MARC FRANZ, an individual; CHRISTOPHER BUTTS, an individual; RICHARD BOCCHINFUSO, an individual; MATTHEW DWYER, an individual; JUSTIN GRIFFIN, an individual; DIMITRIS KREKOUKIAS, an individual; ROBERT LINSKY, an individual; ROBERT OWEN, an individual; HEEKI PARK, an individual; GREG PRESTININZI, an individual; and, THOMAS TAR, an individual, | Date:        August 12, 2010 Time:        2:00 p.m. Courtroom.:  5A *Complaint filed: October 14, 2009* |
| Defendant. | |

///

---

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **August 12, 2010**, at **2:00 p.m.**, or as soon thereafter as the matter may be heard in **Courtroom 5A** of the United States Bankruptcy Court, Central District of California, Santa Ana Division, located at 411 West Fourth Street, Santa Ana, California, Defendants FUSIONSTORM, A Delaware Corporation; JOHN VAREL, an individual; DANIEL R. SERPICO, an individual, MARC FRANZ, an individual; CHRISTOPHER BUTTS, an individual; RICHARD BOCCHINFUSO, an individual; MATTHEW DWYER, an individual; JUSTIN GRIFFIN, an individual; DIMITRIS KREKOUKIAS, an individual; ROBERT LINSKY, an individual; ROBERT OWEN, an individual; HEEKI PARK, an individual; GREG PRESTININZI, an individual; and, THOMAS TAR, an individual (hereinafter collectively "Defendants"), will, and hereby do, move the Court for an order dismissing and/or striking portions of Plaintiff MTI TECHNOLOGY CORPORATION, A Delaware corporation's (hereinafter "MTI") adversary proceeding First Amended Complaint for damages, or in the alternative, to abstain from hearing the adversary proceeding.

Defendants bring their Motion to Dismiss on each of the following grounds:

1.      The District Court lacks subject matter jurisdiction over MTI's state law claims against Defendants because those claims do not arise under, arise in, and are not related to MTI's voluntary petition under Chapter 11 of the Bankruptcy Code. *See*, 28 *U.S.C.* § 1334 subs. (a) and (b). Additionally, there is no jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334 and the District Court should not exercise pendant jurisdiction over the state law claims because they are unrelated to MTI's lone allegation of violation of the *Federal Computer Fraud and Abuse Act*. *See*, 28 *U.S.C.* § 1332.

2.      Should this Court conclude that it has jurisdiction over this proceeding, it should nevertheless abstain from hearing the adversary proceeding in the interest of comity and respect for State law, inasmuch as the majority of claims involve exclusive questions of state law. *See*, 28 *U.S.C.* § 1334(c).

---

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

3.    MTI's First through Ninth, Eleventh, Twelfth, and Nineteenth through Twenty-Third causes of action are preempted by the *Uniform Trade Secrets Act* (*Cal. Civ. Code* §§ 3426 to 3426.11) because they arise under the identical nucleus of operative facts as the Uniform Trade Secrets Act claim. *See, K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 958, 90 Cal.Rptr. 3d 247.

4.    MTI's breach of contract causes of action (claims 1 and 2) should be dismissed because the contracted provisions central to each violates California's public policy against restrictive non-compete clauses governed by the *Business and Professions Code* § 16600. *See, Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 860, 27 Cal.Rptr. 2d 573.

5.    MTI's Common Law And Statutory Breach Of Loyalty Causes Of Action (claims 4 and 5) Are Duplicative Of One Another And Fail To Allege A Breach Of Loyalty As To Defendants Christopher Butts, Matthew Dwyer, Justin Girffin, Dimitris Krekoukias, Robert Owen, Heeki Park, And Thomas Tar.

6.    MTI's cause of action for breach of the covenant of good faith and fair dealing (claims 11 and 12) is duplicative of their breach of contract causes of action and thus should be dismissed.

7.    MTI's allegation of violation of 18 *U.S.C.* § 1030 (claim 18) Fails to Allege Improper Access Outside the Course and Scope of Employment and Fails to Allege Damages. *See* 18 *U.S.C.* § 1030(e)(8).

8.    MTI's allegation of violation of *California Penal Code* § 502 (claim 19) fails to allege that Defendants improperly accessed documents while they were employed by MTI.

9.    MTI's cause of action for aiding and abetting the breach of fiduciary duty (claim 21) fails to claim that the individual Defendants acted for the purpose of aiding and abetting Bocchinfuso in the alleged breach of his fiduciary duty;

10.    MTI's action for conversion (claim 22) does not allege conversion of tangible property.

---

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1   The Defendants' Motion to Dismiss is based on this Notice, the Memorandum of Points

2   and Authorities filed herewith, MTI's First Amended Complaint, and upon such other and further

3   matters as may properly come before the Court.

4   If you wish to oppose the Motion, you must file a written opposition with the above-

5   referenced Court no later than **July 29, 2010** and serving a copy of same on Defendants' counsel

6   of record, Lynberg & Watkins, 333 City Blvd. West, Suite 640, Orange, California 92868 by

7   personal service or overnight mail.

8   If you fail to file a written opposition with the Court and serve it on Defendants by the date

9   indicated, the Court may enter an order granting the relief requested in the Motion.

10  DATED: April 15, 2010                    **LYNBERG & WATKINS**
                                             A Professional Corporation
11

12

13                              By: _____

14                                  **NORMAN J. WATKINS**
                                    **COURTNEY L. HYLTON**
15                                  Attorneys for All Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

# TABLE OF CONTENTS

I.     INTRODUCTION.............................................................................................. 1

II.    STATEMENT OF FACTS................................................................................. 1

III.   STATEMENT OF NON-CORE PROCEEDING AND DEMAND FOR JURY
       TRIAL.............................................................................................................. 3

IV.    SUBJECT MATTER JURISDICTION. ........................................................... 4

       A.    MTI's Common Law, State and Federal Causes Of Action Against
             Defendants Do Not "Arise Under" Title 11. .......................................... 5

       B.    MTI's Common Law, State and Federal Causes Of Action Against
             Defendants Do Not "Arise In" Title 11................................................... 6

       C.    MTI's Common Law, State and Federal Causes Of Action Against
             Defendants Are Not "Related To" MTI's Bankruptcy Case.................. 6

V.     ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM PRESIDING
       OVER THIS PROCEEDING............................................................................. 8

VI.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.......... 11

       A.    MTI's Common Law And Unfair Business Practices Causes Of Action Are
             Preempted By The Uniform Trade Secrets Act...................................... 12

       B.    MTI's Contractual Agreements With Individual Defendants Barring Them
             From Hiring Or Employing Employees Of MTI Are Invalid And
             Unenforceable Non-Compete Agreements. ........................................... 13

       C.    MTI's Common Law And Statutory Breach Of Loyalty Causes Of Action
             Are Duplicative Of One Another And Fail To Allege A Breach Of Loyalty
             As To Defendants Christopher Butts, Matthew Dwyer, Justin Girffin,
             Dimitris Krekoukias, Robert Owen, Heeki Park, And Thomas Tar...................... 15

       D.    MTI's Claim For Breach Of The Covenant Of Good Faith And Fair Dealing
             Is Duplicative Of Their Breach Of Contract Causes Of Action And Thus
             Should Be Dismissed. ........................................................................... 16

       E.    MTI's State and Federal Claims For Improperly Accessing MTI's
             Computer System and Data Fails To Allege Defendant's Acts Were Outside
             The Course and Scope Of Their Employment With MTI. ...................... 17

       F.    MTI Provides No Facts Sufficient To Contend That Individual Defendants
             Aided and Abetted Bocchinfuso's Breach of Fiduciary Duty................. 19

       G.    MTI Cannot Recover For Conversion Of Its Trade Secret Information
             Because It Is Not Tangible Property. ...................................................... 20

VII.   CONCLUSION ................................................................................................ 21

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

## TABLE OF AUTHORITIES

### CASES

*Accuimage Diagnostics Corp. v. Terarecon, Inc.* (ND CA 2003) 260 F.Supp.2d 941, 953-954.... 13

*Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) ............................................................. 8

*Adkins v. Model Laundry Co.* (1928) 92 Cal. App. 575, 583 [268 P. 939]..................................... 20

*American Credit Indem. Co. v. Sacks* (1989) 213 Cal.App.3d 622, 636-637, 262 Cal.Rptr. 92..... 16

*Ariz. Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) ................................ 11

*Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ............................................................ 8

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326 (1986)................... 4

*Cacique, Inc. v. Robert Reiser & Co., Inc.* (9th Cir. 1999) 169 F.3d 619, 624............................... 13

*Careau & Co. v. Security Pac. Business Credit, Inc.* (1991) 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387 ................................................................................................................................. 17

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 464, 80 Cal. Rptr. 2d 329 (1998).................................................................................................................. 19

*Daniel Orifice Fitting Co. v. Whalen* (1962) 198 Cal.App.2d 791, 801, 18 Cal.Rptr. 659 ............ 16

*Digital Envoy, Inc. v. Google, Inc.* (ND CA 2005) 370 F.Supp.2d 1025, 1034-1035 ................... 13

*Dowell v. Biosense Webster, Inc.*, 2009 Cal. App. LEXIS 1860, at *26 (Cal.App. 2009) ....... 10, 15

*Edwards v. Arthur Anderson, LLP*, 44 Cal.App.4th 933, 937 (2008), 52 Cal.Rptr. 236 ..... 10, 14, 15

*Faircloth v. A.L. Williams & Associates* (1992) 206 Ga.App. 764 [426 S.E.2d 601, 604-605] ..... 20

*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684, 765 P.2d 373, 254 Cal.Rptr.211 17

*Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1155 (9th Cir. 2003) ......................................... 11

*Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 352, 8 P.3d 1089, 100 Cal.Rptr. 2d 352 ........... 17

*Hale v. United States Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007) ....................................................... 4

*Hilton v. Hallmark Cards*, 580 F.3d 874 (9th Cir. Cal. 2009) ....................................................... 12

*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 410, 58 Cal.Rptr.3d, 527 .......................... 16

*In re ACI-HDT Supply Co.*, 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997)...................................... 3, 8

*In re Arnold Printworks*, 61 B.R. 520, 526 (D. Mass. 1986) ............................................................ 9

*In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991) ........................................... 3, 5, 8, 10

ii

1   *In re Fietz*, 852 F.2d 455 (9th Cir. 1988) ............................................................................... 5, 6

2   *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995) ................................................ 5, 6

3   *In re Illinois-California Express, Inc.*, 50 B.R. 232, 241 (Bankr. D. Colo. 1985) ................... 9

4   *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991) ................................................................... 4

5   *In re P & P Oilfield Equipment, Inc.*, 71 B.R. 621, 623 (Bankr. D. Colo. 1987) ................... 9

6   *In re Pegasus Gold*, 394 F.3d 1189, 1194 n.1 (9th Cir. 2005) ............................................. 7

7   *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990) .................................................. 10

8   *In re World Solar Corp.*, 81 BR 603 ................................................................................ 8, 9

9   *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th
      939, 958, 90 Cal.Rptr. 3d 247 ................................................................................ 2, 12
10

11  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 US 375, 377, 114 S. Ct. 1673 (1994) ........... 4

   *Loral Corp. v. Moyes* (1985) 174 Cal.App.3d 268, 279-280, 219 Cal.Rptr. 836 ......................... 14
12

13  *Lory v. Fed. Ins. Co.*, 122 Fed. Appx. 314, 316 (9th Cir. Cal. 2005) ........................................ 11

14  *LVRC Holdings LLC v Brekka* (2009) 581 F3d 1127 ......................................................... 18

   *Matzan v. Eastman Kodak Co.* (1987) 134 A.D.2d 863 [521 N.Y.S.2d 917, 918] ....................... 20
15

16  *Melchior v. New Line Prods., Inc.* (2003) 106 Cal. App. 4th 779, 792 ..................................... 21

   *Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 860, 27
17     Cal.Rptr. 2d 573 ...................................................................................................... 2, 13

18  *Motorola, Inc. v. Lemko Corp.*, (2009) 609 F. Supp. 2d 760, 764 ......................................... 17

19  *N. Parent, Inc. v. Cotter & Co.*, 221 B.R. 609, 622 (Bankr. D. Mass. 1998) ........................... 11

20  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. Cal. 2001) ................................................... 11

21  *NLRB v. Calkins*, 187 F.3d 1080 (9th Cir. 1999) .............................................................. 11

22  *Olschewski v. Hudson* (1927) 87 Cal. App. 282, 286-288 [262 P. 43] .................................... 20

23  *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ..................................................... 6

24  *Sequoia Vacuum Systems v. Stransky* (1964) 229 Cal.App.2d 281, 286, 40 Cal.Rptr. 203 ...... 15, 16

25  *State Bank of Lombard v. Chart House*, 46 B.R. 468 (N.D. Ill. 1985) .................................... 9

26  *Stokes v. Dole Nut Co.* (1995) 41 Cal.App.4th 285, 295, 48 Cal.Rptr. 2d 673 ........................ 15

27  *Things Remembered, Inc. v. Petrarca* (1995) 516 U.S. 124, 116 S.Ct. 494 ............................ 6

28  *Thrifty-Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1565 ............................................ 20

iii

---

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

*Thurmond v. Compaq Computer Corp.,* 171 F. Supp. 2d 667, 678 (E.D. Tex. 2001) .................... 18

*VL Systems, Inc. v. Unisen, Inc.* (2007) 152 Cal.App.4th 708, 718, 61 Cal.Rptr. 3d 818 ............. 13

*Williams v. Shell Oil Co.,* 169 B.R. 684 ....................................................................................... 10

*Willy v. Coastal Corp.* 503 U.S. 131, 136-137, 112 S. Ct. 1076 (1992) .......................................... 4

## STATUTES

18 U.S.C. § 1030 ............................................................................................ 2, 7, 17, 18

28 *U.S.C.* § 1331 ......................................................................................................... 8

28 *U.S.C.* § 1332 ..................................................................................................... 1, 7

28 *U.S.C.* § 1334 ............................................................................................... passim

28 *U.S.C.* § 157 ................................................................................................. 5, 6, 7

*Business and Professions Code* § 16600 ...................................................... 2, 13, 14, 20

*California Business and Professions Code* §17200 ....................................................... 5

California Penal Code § 502 ...................................................................................... passim

*Labor Code* § 2863 ................................................................................................. 16

*Uniform Trade Secrets Act (Cal. Civ. Code §§ 3426 to 3426.11)* ............................................... 2, 5

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION.**

3    By this Motion, Defendants seek to Dismiss entirely or strike portions of MTI's First

4    Amended Complaint pursuant to *FRCP* 12(b)(1) and 12(b)(6) and *FRBP* 7012(b).  Alternatively,

5    Defendants request that the Court abstains from hearing Plaintiff's adversary proceeding action

6    and thereby dismiss the First Amended Complaint against all Defendants pursuant to 28 *U.S.C.* §

7    1334(c) (1).

8    **II.    STATEMENT OF FACTS.**

9    MTI Technology Corporation, a Delaware Corporation, filed a voluntary petition for relief

10    under Chapter 11 of the Bankruptcy Code on October 15, 2007. (*See,* MTI's Complaint.)  Nearly

11    two years later, on October 14, 2009, MTI filed this adversary proceeding against

12    FUSIONSTORM, A Delaware Corporation, JOHN VAREL, FusionStorm's Chief Executive

13    Officer and Chairman of the Board, DANIEL R. SERPICO, FusionStorm's President and Chief

14    Financial Officer, and former MTI employees who were subsequently employed by Defendant

15    FusionStorm: MARC FRANZ, CHRISTOPHER BUTTS, RICHARD BOCCHINFUSO,

16    MATTHEW DWYER, JUSTIN GRIFFIN, DIMITRIS KREKOUKIAS, ROBERT LINSKY,

17    ROBERT OWEN, HEEKI PARK, GREG PRESTININZI, and THOMAS TAR, (hereinafter

18    collectively "Defendants").  Of the 11 former MTI employees, four (Marc Franz, Christopher

19    Butts, Robert Linsky, and Robert Owen) have filed Proofs of Claims for unpaid commission and

20    expenses against MTI as part of the administration of MTI's bankruptcy petition. (Defendants

21    acknowledge this court's jurisdiction over these claims and MTI's objection thereto).  The

22    remaining seven, as well as FusionStorm, Varel, and Serpico are strangers to the MTI bankruptcy

23    proceedings.

24    The adversary proceeding alleges primarily pure state law claims of breach of contract,

25    breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of common law and

26    statutory duties of loyalty, as well as intentional interference with contract, intentional interference

27    with prospective economic advantage, unfair competition in violation of the *California Business*

28    *and Professions Code*, violation of the California Uniform Trade Secrets Act, breach of covenant

1

1  of good faith and fair dealing, and conversion. (*See*, MTI's Complaint.) Plaintiff has also alleged

2  both state and federal claims relating to Defendants' allegedly unauthorized use of Plaintiff's

3  computer systems and computer data.

4         In July 2007, a number of MTI's employees tendered their resignation. These employees

5  subsequently commenced employment with Defendant FusionStorm. MTI's Complaint alleges

6  that FusionStorm knowingly and intentionally recruited and solicited these employees in breach of

7  the Mutual Confidentiality Agreement between MTI and FusionStorm. Additionally, MTI alleges

8  that FusionStorm misappropriated, disclosed and used MTI's trade secrets. Finally, MTI alleges

9  that as officers of FusionStorm, Varel and Serpico are responsible for FusionStorm's conduct.

10        As against the remaining Defendants, all of whom are former MTI employees, MTI alleges

11 that they breached confidentiality agreements and/or Use and Compliance Agreements entered

12 into between these Defendants and MTI. These agreements contain provisions that prohibit the

13 individual defendants from employing, soliciting for employment, or recommending for

14 employment any MTI employees for a period of one year after termination or separation from

15 MTI. Additionally, MTI alleges that these former employees conspired with FusionStorm to: (1)

16 solicit other employees for employment at FusionStorm; (2) delay submitting purchase orders to

17 MTI; and, (3) contact MTI's customers to move to FusionStorm, all to the detriment of MTI. MTI

18 alleges Defendants did this, in part, by improperly utilizing MTI computer systems, data, and trade

19 secrets to the detriment of MTI.

20        Further, MTI pleads intentional interference with contract against Defendant Franz for

21 allegedly making false, misleading, and disparaging remarks about MTI and introducing

22 FusionStorm and Varel to MTI employees. As against Defendant Bocchinfuso, MTI alleges

23 breach of fiduciary duty of loyalty and intentional interference with contract based on his

24 Confidentiality and Nondisclosure agreement with MTI and his status as an officer of the

25 corporation. As against Prestininzi and Linsky, MTI claims intentional interference with contract

26 for allegedly planning a "mass defection". Lastly, MTI objects to the Proofs of Claims filed by

27 Franz, Butts, Linsky, and Owen for unpaid commission and expenses and seeks to subordinate

28 their claims in the bankruptcy proceeding.

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1    Defendants contend that claims 1-12, 18-19, and 21-23 of the adversary proceeding are

2   unrelated to MTI's bankruptcy proceeding as they neither "arise under" bankruptcy law nor "arise

3   in" MTI's Chapter 11 bankruptcy proceeding.  Furthermore, these claims are not "otherwise

4   related to" the bankruptcy proceeding.  As such this court does not have subject matter jurisdiction

5   to preside over the adjudication of these claims.

6    Alternatively, should this court determine that this proceeding is related to MTI's

7   bankruptcy petition, it should abstain from hearing the adversary proceeding pursuant to 28 U.S.C.

8   § 1334 in the interest of comity and respect for state law.  Sixteen (16) of MTI's twenty-four (24)

9   causes of action against Defendants involve questions of state law which are non-core to the

10   administration of the bankruptcy estate.  Moreover, MTI's allegation that Defendants violated the

11   automatic stay because they improperly utilized trade secret information, does not change or

12   modify the sum and substance of MTI's primarily state law driven First Amended Complaint.

13    Finally if this court determines that this adversary proceeding is non-core, but related to the

14   bankruptcy action, this court should dismiss and/or strike various causes of action as pled by MTI

15   as MTI has failed to state a claim upon which relief can be granted (*see, FRCP* 12(b)(1) ) and has

16   included within the complaint redundant claims (*see, FRCP* 12(f)).

17   **III.    STATEMENT OF NON-CORE PROCEEDING AND DEMAND FOR JURY TRIAL**

18    Should this court determine that this adversary proceeding is related to the bankruptcy

19   proceeding, it is nonetheless "**non-core.**"  In general, "proceedings that do not invoke substantive

20   rights created by bankruptcy law and that could exist outside of bankruptcy court are not core

21   proceedings, although they may fall within the 'otherwise related to' jurisdiction of the court." *In*

22   *re ACI-HDT Supply Co.*, 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997) (citing *In re Eastport Assocs.*,

23   935 F.2d 1071, 1076 (9th Cir. 1991)).  Thus, where as here, the causes of actions against

24   Defendants are based on rights conferred by state law and exist outside of bankruptcy, MTI's First

25   Amended Complaint, if related to the bankruptcy proceeding at all, is certainly non-core.

26   Defendants do not consent to entry of final orders or judgment by this court.

27    Additionally, Defendants do not waive their right to a jury trial and hereby demand a jury

28   trial in this matter.  The Seventh Amendment to the United States Constitution states: "In Suits at

3

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1   common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury

2   shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the

3   United States, than according to the rules of the common law."  A right to jury in a civil action

4   arises if the action is legal in nature and asserts a private right rather than a public one.  *See, Hale*

5   *v. United States Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007).

6          Where a party asserts state law claims for damages arising out of tortious interference with

7   contract a right to jury trial is preserved and cannot be waived without the parties' consent.  *See,*

8   e.g., *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991)  Moreover, where, as here, Plaintiff's First

9   Amended Complaint raises state law issues relating to trade secret, non-solicitation, and breach of

10  contract claims, Plaintiff is asserting solely a private right for legal damages and a right to jury

11  trial is preserved.  Defendants hereby demand a right to a jury trial and intend to deposit jury fees

12  with the court.

13  **IV.    SUBJECT MATTER JURISDICTION.**

14         Defendants file this motion in accordance with *FRCP* 12(b)(1) and 12(b)(6), made

15  applicable to adversary proceedings by *FRBP* 7012(b).  Rule 12(b) provides that a party may

16  assert lack of subject matter jurisdiction and failure to state a claim upon which relief can be

17  granted by motion before pleading if a responsive pleading is allowed.

18         Federal courts are courts of limited jurisdiction and may adjudicate only those cases

19  authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of America,* 511

20  US 375, 377, 114 S. Ct. 1673 (1994); *See, Willy v. Coastal Corp.* 503 U.S. 131, 136-137, 112 S.

21  Ct. 1076 (1992); *See also, Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.

22  Ct. 1326 (1986).  "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the

23  burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*

24  *Guardian Life Ins. Co. of America,* supra, 511 US at 377, citations omitted.

25         The district courts are conferred original and exclusive jurisdiction of all cases under Title

26  11, which governs bankruptcy cases, and original but not exclusive jurisdiction of all civil

27  proceedings "arising under title 11, or arising in or related to cases under title 11." 28 *U.S.C.* §

28  1334 (a) and (b). Each district court is authorized to refer all bankruptcy cases as well as those

4

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1 arising under the Bankruptcy Code or arising in or related to a bankruptcy case to the bankruptcy

2 court. 28 *U.S.C.* § 157(a). Since the bankruptcy court's jurisdiction is derived from that conferred

3 upon the district court, then where the district court has no jurisdiction over a particular

4 proceeding, neither does the bankruptcy court. *In re Fietz*, 852 F.2d 455 (9th Cir. 1988).

5      In the present case, the district court lacks subject matter jurisdiction over claims 1-12, 18

6 and 19, and 21-23 of the First Amended Complaint because the claims alleged do not arise under

7 Title 11 nor are they related to MTI's bankruptcy proceeding under Title 11.[1]

8      **A. MTI's Common Law, State and Federal Causes Of Action Against Defendants Do Not "Arise Under" Title 11.**

9

10      A civil proceeding "arises under" Title 11 if it involves "a cause of action created or

determined by a statutory provision of title 11" such as proceedings involving rights created by the

11 Bankruptcy Code. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995); *In re Eastport*

12 *Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991).

13      Here, MTI's First through Twelfth (1st -12th), Eighteenth (18th), Nineteenth (19th), and

14 Twenty-First through Twenty-Fourth (21st – 24th) Causes of Action do not involve rights created

15 by the Bankruptcy Code. These Causes of Action allege that Defendants violated California

16 contracts, torts, and corporations law, federal Computer Fraud and Abuse statutes as well as

17 *California Business and Professions Code* §17200; *Uniform Trade Secrets Act* (*Cal. Civ. Code* §§

18 3426 to 3426.11); and *California Penal Code* § 502. Thus, none of the rights invoked by MTI in

19 these Causes of Action against Defendants were created by a statutory provision of Title 11, as

20 such they do not "arise under" Title 11.

21

22    [1] Defendants concede that the Proofs of Claims field by Defendants Christopher Butts

23 ("Butts"), Marc Franz ("Franz"), Robert Linsky ("Linsky"), and Robert Owen ("Owen") and MTI's objections and request for equitable subordination thereto as well as violation of the

24 automatic stay arise in MTI's bankruptcy petition and thus are properly under the jurisdiction of this court. Obviously, any set-off issues post-adjudication of the state court claims can, and

25 should be left to the state court. Thus, this court can sever those claims (13-17, 20 and 24). *See N.*

26 *Parent, Inc. v. Cotter & Co.*, 221 B.R. 609, 622 (Bankr. D. Mass. 1998) (ruling that "only those claims which are deemed to be core bankruptcy issues can remain in this Court; all non-core

27 claims should be transferred or dismissed").

28

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

**B. MTI's Common Law, State and Federal Causes Of Action Against Defendants Do Not "Arise In" Title 11.**

Proceedings "arising in" bankruptcy cases are essentially proceedings that would simply not exist outside of bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences." 28 *U.S.C.* § 157(b)(2); *see also In re Harris Pine Mills*, 44 F.3d 1431, 1435-37 (9th Cir. 1995). Defendants concede that the Claims proceeding initiated by Defendants Butts ("Butts"), Franz ("Franz"), Linsky ("Linsky"), and Owen ("Owen") as well as MTI's bankruptcy based objections and request for equitable subordination thereto in addition to alleged violation of the automatic stay obviously arise in MTI's bankruptcy petition and likewise would not exist outside of bankruptcy. However, the events that form the basis of MTI's adversary proceeding and the rights claimed by MTI in those claims are conferred by California state law as well as federal statute and those rights exist separate and apart from MTI's bankruptcy proceeding. (*See*, MTI's First Amended Complaint.) As such, MTI's adversary proceeding does not "arise in" Plaintiff's bankruptcy petition. *See*, 28 *U.S.C.* § 157(b)(2); *See also, In re Harris Pine Mills*, 44 F.3d 1431, 1435-37 (9th Cir. 1995).

**C. MTI's Common Law, State and Federal Causes Of Action Against Defendants Are Not "Related To" MTI's Bankruptcy Case.**

The test to determine whether a proceeding is "related to" a case under Title 11 varies depending on the stage of the proceedings. In the pre-confirmation context, as is the case here, the Ninth Circuit has adopted the "*Pacor* test" for determining whether a case is "related to" the bankruptcy proceeding. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). The *Pacor* test determines whether a case is "related to" a bankruptcy proceeding based on whether "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds *Things Remembered, Inc. v. Petrarca* (1995) 516 U.S. 124, 116 S.Ct. 494.

6

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

1    In the present case, MTI's common law, state and federal Causes of Action – arising from

2    the resignation of certain of MTI's employees and their subsequent employment with Defendant

3    FusionStorm – lack a close nexus to MTI's bankruptcy proceeding and affect only matters

4    collateral to the bankruptcy process. Adjudication of MTI's claims against Defendants will not

5    affect the administration of the bankruptcy estate in any way. A contention that the action could

6    conceivably increase the recovery to the creditors is insufficient to establish that an action is

7    "related to" a bankruptcy proceeding. *See, In re Pegasus Gold*, 394 F.3d 1189, 1194 n.1 (9th Cir.

8    2005). Other circuits have noted that a contrary rationale could endlessly stretch a bankruptcy

9    court's jurisdiction to any claim that could possibly increase or decrease the debtor's assets. *See,*

10   *Resorts Int'l,* 372 F.3d at 170; *Craig's Stores,* 266 F.3d at 391. As such this proceeding is simply

11   not related to the pending bankruptcy proceeding. Moreover, MTI's inclusion of a Cause of

12   Action for violation of the automatic stay seeks to unnecessarily extend this Court's jurisdiction to

13   the unrelated state and federal law causes of action. Accordingly, this court has no subject matter

14   jurisdiction over the First through Twelfth, Nineteenth, and Twenty-First through Twenty-Third

15   Causes of Action against Defendants and should therefore dismiss MTI's adversary proceeding.

16   Additionally, absent a finding that this adversary proceeding is "related to" MTI's

17   bankruptcy proceeding, the Federal Court has no independent jurisdiction to preside over this

18   matter. There is no diversity of citizenship among the parties, pursuant to 28 *U.S.C.* § 1332, to

19   establish jurisdiction over MTI's Complaint independent of jurisdiction based on 28 *U.S.C.* §

20   157(b)(1). Section 1332 provides that "[t]he district courts shall have original jurisdiction of all

21   civil actions where the matter in controversy exceeds the sum or value of $75,000, and is

22   between…citizens of different states." Here, both MTI and Defendant FusionStorm, Inc. are

23   Delaware Corporations. Additionally, both MTI and FusionStorm are alleged to be headquartered

24   in California and no less than four (4) individual defendants are alleged to reside in California.

25   (*See,* First Amended Complaint) Moreover, federal question jurisdiction based solely on MTI's

26   allegation of violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 does not

27   extend to MTI's unrelated state causes of action. While MTI is able to provide for federal subject

28   matter jurisdiction based on the 18 U.S.C. § 1030 claim, this Court may exercise discretion to

7

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  refuse to hear the state law claims, which comprise the vast majority of MTI's First Amended

2  Complaint. *See*, 28 *U.S.C.* § 1331; *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997)

3  (holding that a federal court with power to hear state law claims has discretion to keep, or decline

4  to keep, them under the conditions set out in § 1367(c)); *Bahrampour v. Lampert.* 356 F.3d 969,

5  978 (9th Cir. 2004) ("In exercising its discretion to decline supplemental jurisdiction, a district

6  court must undertake a case-specific analysis to determine whether declining supplemental

7  jurisdiction 'comports with the underlying objective of most sensibly accommodating the values

8  of economy, convenience, fairness and comity.'")

9  **V.    ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM PRESIDING**

10  **OVER THIS PROCEEDING.**

11         A bankruptcy court must abstain from a proceeding where the following requirements are

12  met: (1) the proceedings depend on State law; (2) the proceedings are non-core; (3) there is no

13  independent federal jurisdiction absent the petition under Title 11; (4) an action is commenced in

14  state court; (5) the state court action may be timely adjudicated; and (6) a state forum of

15  appropriate jurisdiction exists.  28 *U.S.C.* § 1334(c)(2).

16         As noted, seventeen (17) of MTI's twenty-four (24) claims do not arise in or under of Title

17  11. They are not claims in any way created or determined by any provision of the Bankruptcy

18  Code, nor do these claims involve rights created by the Bankruptcy Code.  Similarly, these

19  seventeen (17) causes of action do not arise in Title 11 as each of the rights asserted are not based

20  in Title 11 but rather, lie exclusively in statutory or common law provisions.  In this connection, as

21  common law and state and federal statutory claims, they are clearly non-core proceedings. *In re*

22  *ACI-HDT Supply Co.*, 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997) (citing *In re Eastport Assocs.*, 935

23  F.2d 1071, 1076 (9th Cir. 1991)).  Thus, even if this court considers these proceedings to be

24  related to the underlying case, the court should, at a minimum, abstain from proceeding with these

25  claims because they not only do not arise in, or under Title 11, and, as primarily state-based law

26  claims, they could not have been brought in a District Court absent jurisdiction over the original

27  bankruptcy case. *See, In re World Solar Corp.*, 81 BR 603.

28         As previously discussed, the district court lacks subject matter jurisdiction over the

**8**

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1 majority of the claims. There is no diversity among the parties and federal question jurisdiction

2 rests solely on the violation of the Computer Fraud and Abuse Act, a claim entirely distinct from

3 the state law claims.

4        The next element is that an action is commenced in state court. 28 *U.S.C.* § 1334(c)(2).

5 Although cases have considered this to require that a state court action actually be pending, the

6 better view is to merely determine whether a state court action could be commenced in a state

7 court of appropriate jurisdiction. *See, In re World Solar Corp.*, 81 B.R. 603, 609 (BC SD CA

8 1988) (held that a pending court action is not a prerequisite for mandatory abstention.)  Similarly,

9 the court in *In re World Solar Corp.* referenced *State Bank of Lombard v. Chart House*, 46 B.R.

10 468 (N.D. Ill. 1985), which found that "§ 1334(c)(2) mandates abstention in matters that **would**

11 **have been filed in state court** rather than federal court but for a bankruptcy filing." *In re World*

12 *Solar Corp.*, supra, 81 B.R. at 610, quoting *State Bank of Lombard,* supra, 46 B.R. 468, emphasis

13 added.  The Court in *In re World Solar Corp.* noted that this clearly implies that a pending state

14 court action need not be filed prior to a motion for mandatory abstention.  Additionally, the court

15 noted that a number of other courts have concluded that, while a pending state court action is an

16 element for consideration in determining whether or not to mandatorily abstain, it is not

17 dispositive. *Id.* at 611; *See also, In re Illinois-California Express, Inc.*, 50 B.R. 232, 241 (Bankr.

18 D. Colo. 1985); *In re Arnold Printworks,* 61 B.R. 520, 526 (D. Mass. 1986); *In re P & P Oilfield*

19 *Equipment, Inc.*, 71 B.R. 621, 623 (Bankr. D. Colo. 1987).  Here, the present proceeding would

20 have been initiated in state court had MTI not previously commenced bankruptcy proceedings in

21 this Court.

22        Furthermore, MTI's claims against Defendants could be timely adjudicated in state court.

23 Where MTI has alleged causes of action exclusively based on violations of California state law,

24 California courts would have appropriate jurisdiction over the matter.  Additionally, there is no

25 evidence that MTI's claims against Defendants could not be as quickly adjudicated in state court

26 as in this Court.  Moreover, each of these claims confers a right to a jury determination which

27 weighs heavily in favor of abstention.

28        If this court does not find that it must abstain from hearing this adversary proceeding, it

9

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  should nevertheless exercise its discretion to do so and dismiss the proceeding.  The district court

2  "in the interest of justice, or in the interest of comity with State courts or respect for State law" has

3  the discretion to abstain from hearing a particular proceeding arising under title 11 or arising in or

4  related to a case under title 11.  *See*, 28 *U.S.C.* § 1334(c)(1).  The factors courts should consider in

5  deciding whether to abstain under Section 1334(c)(1) are:

6          (1) the effect or lack thereof on the efficient administration of the
        estate if a Court recommends abstention, (2) the extent to which

7          state law issues predominate over bankruptcy issues, (3) the
        difficulty or unsettled nature of the applicable law, (4) the presence

8          of a related proceeding commenced in state court or other
        nonbankruptcy court, (5) the jurisdictional basis, if any, other than

9          28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the
        proceeding to the main bankruptcy case, (7) the substance rather

10          than form of an asserted 'core' proceeding, (8) the feasibility of
        severing state law claims from core bankruptcy matters to allow

11          judgments to be entered in state court with enforcement left to the
        bankruptcy court, (9) the burden of [the bankruptcy court's] docket,

12          (10) the likelihood that the commencement of the proceeding in
        bankruptcy court involves forum shopping by one of the parties,

13          (11) the existence of a right to a jury trial, and (12) the presence in
        the proceeding of nondebtor parties.

14

15      *In re Eastport Assocs.*, 935 F.2d 1071, 1075-1076 (9th Cir. 1991) (quoting *In re Tucson*

16  *Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990)).

17      Here, aside from MTI's claims relating to Defendants' Butts, Franz, Linsky, and Owen,

18  Proofs of Claims, the proceeding is primarily founded upon the application and interpretation of

19  state law.  These exclusively state-law based claims could, and should, be decided in state court.

20  *See, Williams v. Shell Oil Co.*, 169 B.R. 684.

21      While the fact that a proceeding is based on state substantive law is not the only factor to

22  determining abstention, the court should give substantial consideration to the fact that in this case,

23  the state law regarding the enforcement of trade secret protection in employment agreements

24  which restrict competition between employers and solicitation of employees has yet to be clarified

25  by the state courts.  *See, Dowell v. Biosense Webster, Inc.*, 2009 Cal. App. LEXIS 1860, at *26

26  (Cal.App. 2009); *See, Edwards v. Arthur Anderson, LLP*, 44 Cal.App.4[th] 933, 937 (2008), 52

27  Cal.Rptr. 236.  Therefore, this court should abstain in the interest of allowing the state court to

28  interpret state law in this area.

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1    As previously discussed, this Court has the authority to sever the unrelated, state-law

2  claims from the seven bankruptcy-related claims and allow for the state court to enter judgment on

3  the state-law claims. *See N. Parent, Inc. v. Cotter & Co.*, 221 B.R. 609, 622 (Bankr. D. Mass.

4  1998) (ruling that "only those claims which are deemed to be core bankruptcy issues can remain in

5  this Court; all non-core claims should be transferred or dismissed" in conjunction with forum

6  selection clauses contracted by parties.)

7    Additionally, this adversary proceeding, if related to the bankruptcy proceeding at all, is

8  only tangentially related and is a non-core proceeding that could easily be severed from the

9  bankruptcy matters.  In fact, every defendant except Butts, Franz, Linsky, and Owen, is a stranger

10 to MTI's bankruptcy proceeding.  Thus, litigation of the adversary proceeding in state court would

11 not interfere in the administration of the bankruptcy estate.  Indeed, it is significant that MTI

12 waited almost a full two (2) years before initiating this proceeding and repeatedly sought

13 confirmation of the plan without this proceeding even in existence.

14    Additionally, Defendants have, and demand, a right to a jury trial on each of these claims.

15 Not only is the state court more suitable to this type of an action, it is also significant that it is

16 presumed that matters of state law would be resolved consistently by the state and federal court.

17 *See, Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1155 (9th Cir. 2003), (Stating that in

18 analyzing questions of state law, federal courts are bound by the decisions of the state's highest

19 court. When the state's highest court has not squarely addressed an issue, the federal courts must

20 predict how the highest state court would decide the issue using intermediate appellate court

21 decisions, decisions from other jurisdictions, statutes, treaties and restatements for guidance.) *See*

22 *also, NLRB v. Calkins*, 187 F.3d 1080 (9th Cir. 1999), and *Ariz. Elec. Power Coop., Inc. v.*

23 *Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).

24 **VI.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

25    A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of

26 the claims stated in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. Cal. 2001).

27 Dismissal of a claim is proper where it lacks a cognizable legal theory or sufficient facts to

28 proceed under a theory. *Lory v. Fed. Ins. Co.*, 122 Fed. Appx. 314, 316 (9th Cir. Cal. 2005).  In a

11

1   complaint that alleges several distinct claims for relief, a Rule 12(b)(6) motion may be used to

2   challenge less than all claims alleged. *See, e.g. Hilton v. Hallmark Cards*, 580 F.3d 874 (9th Cir.

3   Cal. 2009) (granting motion to dismiss one of three claims alleged in complaint). Thus, should

4   this Court determine that it has jurisdiction to hear this adversary proceeding, it should dismiss the

5   following causes of action.

6       **A.    MTI's Common Law And Unfair Business Practices Causes Of Action Are
    Preempted By The Uniform Trade Secrets Act.**

7       MTI alleges an underhanded conspiracy between its former employees and a competitor,

8   FusionStorm, to obtain and utilize trade secret information to the former's detriment. MTI alleges

9   that FusionStorm and the individual defendants used MTI's protected customer lists to entice

10  customers to do business with FusionStorm and then used that advantage to disparage MTI's

11  reputation and entice employees to leave MTI. MTI's entire complaint revolves around the

12  improper acquisition and use of proprietary trade secrets by FusionStorm and its employees.

13      MTI now brings this action against FusionStorm and individual Defendants alleging

14  eighteen (18) causes of action (breach of contract, breach of fiduciary duty; aiding and abetting

15  breach of fiduciary duty; breach of common law duty of loyalty; breach of statutory duty of

16  loyalty; intentional interference with contract; intentional interference with prospective economic

17  advantage; unfair competition; violation of California Uniform Trade Secret Act; breach of

18  covenant of good faith and fair dealing; violation of Computer Fraud and Abuse Act; violation of

19  California Penal Code § 502; and conversion) all involving the alleged misuse of MTI's trade

20  secret information. Since MTI bases this action on the alleged misappropriation of trade secrets,

21  in violation of the Uniform Trade Secrets Act (UTSA), all of MTI's common law claims as well

22  as MTI's Unfair Business Practices claim are preempted by the statutory provisions of the UTSA.

23      An action alleging causes of action arising under the "identical nucleus of operative facts"

24  as a UTSA claim is preempted. *See, K.C. Multimedia, Inc. v. Bank of America Technology &*

25  *Operations, Inc.* (2009) 171 Cal.App.4th 939, 958 (California courts "agree with the federal cases

26  applying California law, which hold that [the UTSA], preempts common law claims that are

27  'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'); *See*

28

1  *also, Cacique, Inc. v. Robert Reiser & Co., Inc.* (9th Cir. 1999) 169 F.3d 619, 624 ("the common

2  law of trade secrets has been displaced where it conflicts with California's version of the UTSA");

3  *Accuimage Diagnostics Corp. v. Terarecon, Inc.* (ND CA 2003) 260 F.Supp.2d 941, 953-954 ("a

4  common law claim does not survive after the UTSA").

5      Thus, MTI's First through Ninth, Eleventh, Twelfth, and Twenty-First through Twenty-

6  Third Causes of Action alleging common law breach of contract, breach of duty of loyalty,

7  interference with contract and prospective economic advantage, breach of covenant of good faith,

8  and conversion are all preempted under the UTSA. Additionally, MTI's Unfair Competition cause

9  of action is also preempted because it is based solely on the alleged misappropriation of MTI's

10  trade secrets. *See, Digital Envoy, Inc. v. Google, Inc.* (ND CA 2005) 370 F.Supp.2d 1025, 1034-

11  1035 (holding that the UTSA preempts "claims for unfair competition and unjust enrichment since

12  those claims are based on the same nucleus of facts as the misappropriation of trade secrets claim

13  for relief").

14      Accordingly, MTI's First through Ninth, Eleventh, Twelfth, and Twenty-First through

15  Twenty-Third Causes of Action are pre-empted by statute and should be dismissed without leave

16  to amend.

17      **B.    MTI's Contractual Agreements With Individual Defendants Barring Them
            From Hiring Or Employing Employees Of MTI Are Invalid And**
18      **Unenforceable Non-Compete Agreements.**

19      Even if this Court finds that MTI's common law causes of action are not preempted by the

20  Uniform Trade Secrets Act, it should dismiss the breach of contract causes of action because the

21  contracts at issue violate California's broad public policy against restrictive non-compete clauses

22  governed by *Business & Professions Code* § 16600. It has been well established that competitors

23  may solicit each other's employees so long as they not utilize unlawful means or engage in acts of

24  unfair competition. *Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th

25  853, 860.

26      A covenant not to hire or employ a company's current, former, or prospective employees

27  has been held to be too broad and thus unenforceable. *See, e.g. VL Systems, Inc. v. Unisen, Inc.*

28  (2007) 152 Cal.App.4th 708, 718, 61 Cal.Rptr. 3d 818 (holding that employers cannot "agree on a

1    no-hire provision as a matter of contract"); *See also, Loral Corp. v. Moyes* (1985) 174 Cal.App.3d

2    268, 279-280, 219 Cal.Rptr. 836 ("Equity will not enjoin a former employee from receiving and

3    considering applications from employees of his former employer, even though the circumstances

4    be such that he should be enjoined from soliciting their applications").

5       Here, MTI alleges that FusionStorm was prohibited from hiring MTI employees via their

6    contractual agreement with MTI. Further, the agreements referenced in and attached to the

7    complaint contain provisions that prohibit the individual former MTI defendants from employing,

8    soliciting for employment, or recommending for employment any of MTI's employees for a

9    period of one year after termination. (*See*, section 7 of employment agreements attached to MTI's

10    original Complaint attached hereto as Exhibit "A".) Such a provision is overly broad in its attempt

11    to prevent competitors from hiring MTI employees. Thus, MTI's attempted enforcement of the

12    no-hire provisions is unenforceable and runs afoul of the statutory protections against non-

13    compete clauses.

14       All California employers are subject to the provisions of *Business & Professions Code* §

15    16600, which explicitly and broadly prohibits contracts in restraint of trade. Section 16600 is

16    clear in its mandate: "[E]very contract by which anyone is restrained from engaging in a lawful

17    profession, trade, or business of any kind is to that extent void." *Bus. & Prof. Code* § 16600.

18       The California Supreme Court has recently affirmed, refuting a line of Federal decisions

19    purporting to carve out exceptions to this public policy, any California employment agreement

20    containing a non-competition provision is "to that extent" void and invalid, and even "narrowly

21    tailored restraints" on an employee's right to pursue lawful employment are unenforceable.

22    *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 949.

23       The Supreme Court in *Edwards v. Arthur Andersen* invalidated a clause in an employment

24    contract that prohibited the employee from performing similar services for a period of 18 months

25    as well as prevented the employee from soliciting clients from the employer or any of the

26    employer's personnel. The court held that such restrictions were overly broad, void, and

27    unenforceable because they run contrary to the clearly enumerated public policy prohibiting

28    employers from restraining an individual's ability to practice his or her profession. *Id*. at 948.

14

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1    *Edwards v. Arthur Andersen* specifically avoided ruling on the impact of trade secret

2    protections on non-compete clauses. *See Id.*, n.4 at 946.  However, cases after *Edwards* "doubt the

3    continued viability of the common law trade secret exception to covenants not to compete."

4    *Dowell v. Biosense Webster, Inc.* (2009) 2009 Cal. App. LEXIS 1860 at *26.

5    Here, Plaintiff's contractual prohibitions regarding the employment of its former, current,

6    and prospective employees are overly broad in their prohibition of FusionStorm or the individual

7    defendants from even employing MTI employees.  MTI did not limit outside competitors from

8    simply soliciting its employees.  Rather, it outright prohibited even the employing of MTI

9    employees, whether or not the employees sought out employment with FusionStorm or not.  Such

10   restrictions are void and unenforceable and Plaintiff cannot sue for breach of its provisions.

11   **C.    MTI's Common Law And Statutory Breach Of Loyalty Causes Of Action Are
         Duplicative Of One Another And Fail To Allege A Breach Of Loyalty As To
12       Defendants Christopher Butts, Matthew Dwyer, Justin Girffin, Dimitris
         Krekoukias, Robert Owen, Heeki Park, And Thomas Tar.**

13
14   MTI alleges that several employees conspired to leave their employment with MTI and

15   work for FusionStorm.  MTI claims that Christopher Butts, Matthew Dwyer, Justin Griffin,

     Dimitris Krekoukias, Robert Owen, Heeki Park, and Thomas Tar all left MTI simultaneously and
16
     without notice.  Additionally, MTI claims that Marc Franz, Richard Bocchinfuso, Robert Linsky,
17
     and Greg Prestininzi, while employed and working for MTI, solicited employees to leave MTI and
18
     work for FusionStorm.  MTI claims these acts breached their duty of loyalty while they were
19
     employed with MTI.
20
     The duty of loyalty is breached and may give rise to a tort cause of action on behalf of the
21
     employer when the employee takes action inimical to the employer's best interests. *Stokes v. Dole*
22
     *Nut Co.* (1995) 41 Cal.App.4th 285, 295, 48 Cal.Rptr. 2d 673.  For example, employees who seize
23
     for themselves, to their employer's detriment, business opportunities in the employer's line of
24
     business may be subject to liability. *Sequoia Vacuum Systems v. Stransky* (1964) 229 Cal.App.2d
25
     281, 286, 40 Cal.Rptr. 203.
26
     "The elements of a cause of action for breach of a duty of loyalty, by analogy to a claim for
27
     breach of fiduciary duty, are as follows: (1) the existence of a relationship giving rise to a duty of
28

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach."

2  *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 410, 58 Cal.Rptr.3d, 527.

3      An employee does not breach his or her duty of loyalty merely by looking for a new job or

4  planning to compete with the employer. See *Daniel Orifice Fitting Co. v. Whalen* (1962) 198

5  Cal.App.2d 791, 801, 18 Cal.Rptr. 659. It is when the employee directly interferes with business

6  opportunities of his or her employer that he breaches the duty of loyalty. *Sequoia Vacuum*

7  *Systems v. Stransky* (1964) 229 Cal.App.2d 281, 286. This includes soliciting customers and

8  employees to work for the competing business. *American Credit Indem. Co. v. Sacks* (1989) 213

9  Cal.App.3d 622, 636-637, 262 Cal.Rptr. 92.

10     Here, MTI alleges that several employees (Christopher Butts, Matthew Dwyer, Justin

11  Girffin, Dimitris Krekoukias, Robert Owen, Heeki Park, and Thomas Tar) left their employment

12  with MTI at the same time and accepted employment with FusionStorm. However, no allegations

13  are made that they interfered with MTI's business before leaving MTI for FusionStorm. Thus, no

14  breach of loyalty is alleged.

15     The "Statutory Duty of Loyalty" which MTI alleges as its Fifth Cause of Action imposes

16  the same obligations as the common law duty of loyalty and thus is duplicative of the common law

17  cause of action. *See, Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 414 (acknowledging

18  that the common law duty of loyalty is contained within the statutory duty of loyalty governed by

19  *Labor Code* § 2863.) Indeed, MTI alleges the exact same facts under its Fifth Cause of Action for

20  breach of the statutory duty of loyalty as it does for its Fourth Cause of Action for breach of the

21  common law duty of loyalty.

22     Accordingly, MTI's Fifth Cause of Action is duplicative of its Fourth Cause of Action and

23  should be dismissed.

24     **D.    MTI's Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Is**
           **Duplicative Of Their Breach Of Contract Causes Of Action And Thus Should**
25         **Be Dismissed.**

26     MTI alleges FusionStorm and the individual defendants breached the implied covenant of

27  good faith and fair dealing that was present in the confidentiality and nondisclosure agreements

28  with MTI. MTI alleges that defendants improperly solicited employees into leaving MTI,

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

1  soliciting MTI customers, and performing their duties for MTI in a manner that interfered with

2  MTI's business relationships with its customers.

3      A covenant of good faith and fair dealing is implied by law in all contracts.  The covenant

4  requires that neither party do anything to deprive the other of the benefits of the agreement. *Foley*

5  *v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684, 765 P.2d 373, 254 Cal.Rptr.211.  "The

6  covenant of good faith is read into contracts in order to protect the express covenants or promises

7  of the contract, not to protect some general public policy interest not directly tied to the contract's

8  purposes." *Id.* at 690.

9      Claims for breach of the implied covenant of good faith and fair dealing may be

10 disregarded as superfluous when they do nothing more than repeat and reallege the same

11 allegations set forth in a companion claim for breach of contract.  No additional liability is created

12 thereby, and no claim is actually stated in such cases. *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th

13 317, 352, 8 P.3d 1089, 100 Cal.Rptr. 2d 352; *Careau & Co. v. Security Pac. Business Credit, Inc.*

14 (1991) 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387.

15     MTI alleges no new facts in its breach of good faith and fair dealing that were not already

16 alleged in its breach of contract claims against Defendants.  Thus, to the extent that MTI can

17 proceed on its breach of contract claims, it renders their Eleventh and Twelfth Causes of Action

18 duplicative.  Accordingly, the Eleventh and Twelfth Causes of Action should be dismissed.

19     **E.    MTI's State and Federal Claims For Improperly Accessing MTI's Computer
               System and Data Fails To Allege Defendant's Acts Were Outside The Course**
20             **and Scope Of Their Employment With MTI.**

21     The federal Computer Fraud And Abuse Act is primarily a criminal statute.  It provides,

22 however, for a private right of action by virtue of subsection 1030(g) ("Any person who suffers

23 damage or loss by reason of a violation of this section may maintain a civil action against the

24 violator to obtain compensatory damages and injunctive relief or other equitable relief.") 18 *U.S.C.*

25 § 1030(g); *Motorola, Inc. v. Lemko Corp.,* (2009) 609 F. Supp. 2d 760, 764.

26     In order for MTI to succeed on a claim pursuant to 18 U.S.C. § 1030 and *California Penal*

27 *Code* § 502 MTI must show that the defendants intentionally accessed a protected computer

28 without authorization or exceeded their authorized access and obtained information of value.

17

---

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1    *Compare* 18 *U.S.C.* § 1030(a)(2) and (a)(4) *with California Penal Code* § 502.  An individual uses

2    a computer "without authorization" under 18 *U.S.C.* §1030 when the person has not received

3    permission to use the computer for any purpose or when the employer has rescinded permission to

4    access the computer and the defendant uses the computer anyway. *LVRC Holdings LLC v Brekka*

5    (2009) 581 F3d 1127.

6         Plaintiff alleges that the individual Defendants violated 18 U.S.C. § 1030(a) and California

7    Penal Code § 502 by accessing MTI computers while they were MTI employees.  MTI claims that

8    Defendants accessed and obtained e-mail messages generated on behalf of MTI on their computers

9    and sent some of those messages to their personal email addresses and/or to FusionStorm

10   personnel.  However, MTI fails to allege that these acts by Defendants, while they were employees

11   of MTI, were outside the course and scope of their employment with MTI.

12        Additionally, MTI does not claim any resulting "damage" from the alleged transmission of

13   emails and proprietary information.  As defined in 18 *U.S.C.* § 1030(e)(8) "the term 'damage'

14   means any impairment to the integrity or availability of data, a program, a system, or

15   information." *See also Thurmond v. Compaq Computer Corp.,* 171 F. Supp. 2d 667, 678 (E.D.

16   Tex. 2001) ("Regardless whether Plaintiffs plead 'loss,' 'damage' or both, they are required to

17   prove 'damage' as an integral element of the violation alleged under 18 U.S.C. § 1030(a)(5)(A).")

18   MTI does not allege that the data accessed by Defendants affected its availability or integrity.

19   Indeed, no such action could occur since, as MTI alleges, Defendants simply forwarded

20   information on to their personal email addresses.  While MTI does allege that Defendants deleted

21   information from their computers which did result in damage, this alleged act did not result in

22   Defendants obtaining any information from the computer.  Rather, Defendants deleted information

23   from MTI computers.  Such acts are not within the provisions of 18 U.S.C. § 1030 which predicate

24   an action for obtaining information from the unauthorized access of computer data.

25        Additionally, MTI cannot allege the improper access of documents in violation of

26   *California Penal Code* § 502.  In order to recover damages under section 502, MTI must show that

27   Defendants (1) knowingly accessed a computer and (2) without permission took, copied, or made

28   use of any data from the computer, computer system, or computer network.  Plaintiff alleges that

**18**

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  Defendants violated Cal. Pen. Code § 502(c)(2) when **_MTI employee Defendants_** knowingly

2  accessed and without permission took, copied and made use of MTI's data and/or any supporting

3  documentation from MTI's computers, computer system, or computer network. However, MTI

4  fails to allege that these acts were outside the course and scope of Defendant's employment with

5  MTI. The mere fact that Defendants accessed MTI computers while they were MTI employees

6  refutes any assertion that they accessed MTI data without permission.

7      **F.    MTI Provides No Facts Sufficient To Contend That Individual Defendants
            Aided and Abetted Bocchinfuso's Breach of Fiduciary Duty.**

8

9          In order for Plaintiff to successfully bring a claim under a theory of "Aiding and Abetting

10  Breach of Fiduciary Duty," Plaintiff must show (1) Bocchinfuso owed a fiduciary duty to MTI; (2)

11  the other defendants acted improperly for the purpose of advancing their own interest. *City of*

12  *Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 464, 80 Cal.

13  Rptr. 2d 329 (1998).

14          Plaintiff alleges that Defendant Richard Bocchinfuso owed a fiduciary duty to MTI.

15  Plaintiff states that as part of these duties, Bocchinfuso was required at all times to be honest and

16  candid and to make complete disclosure in his dealings with the company and its management and

17  with respect to its employees, confidential and proprietary information and trade secrets. Plaintiff

18  alleges that Bocchinfuso repeatedly violated his fiduciary duties to MTI by causing MTI

19  employees to seek employment with FusionStorm and using MTI's confidential and proprietary

20  information and trade secrets for the purpose and with the effect of injuring MTI's business.

21          Plaintiff further alleges that Bocchinfuso was aided and abetted in breaching his fiduciary

22  duties by John Varel and Dan Serpico, as well as Marc Franz, Christopher Butts, Matthew Dwyer,

23  Justin Griffin, Dimitris Krekoukias, Robert Linksy, Robert Owen , Heeki Park and Greg

24  Prestininzi.

25          Plaintiff states that Butts, Dwyer, Griffin, Krekoukias, Lunksy, Owen, Park, Prestininzi

26  sought to obtain new jobs and MTI customers for FusionStorm to maximize their compensation.

27  Plaintiff states that Butts, Dwyer, Griffin, Krekoukias, Lunksy, Owen, Park, Prestininzi gave

28  substantial assistance to Bocchinfuso by responding to improper solicitations by Bocchinfuso,

**MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN**

1  accepting employment at FusionStorm as a result of those solicitations, submitting their resumes

2  to FusionStorm online site and misappropriating MTI's confidential and proprietary information.

3  MTI fails to allege how Defendants' actions aided and abetted Bocchinfuso in breaching his

4  fiduciary duties as a result of their "responding to improper solicitations by Bocchinfuso". Rather,

5  the acts of Bocchinfuso, as alleged by MTI, show that the other individual Defendants played no

6  role in advancing the alleged breach of Bocchinfuso's fiduciary duty to MTI. The individual

7  Defendants simply answered the offers of employment extended to them by FusionStorm. Such

8  acts do not give rise to a claim of "Aiding and Abetting Breach of Fiduciary Duty."

9      Plaintiff also alleges that FusionStorm, Varel, Serpico, and Franz gave substantial

10 assistance to Bocchinfuso by concocting the scheme to raid MTI's employee's and customers so

11 as to increase FusionStorm business. However, as mentioned supra, the mere solicitation of

12 employment to MTI employees was not improper and indeed is protected under California's long-

13 standing policy of employment mobility. *See e.g. Business and Professions Code* § 16600.

14     **G.    MTI Cannot Recover For Conversion Of Its Trade Secret Information
          Because It Is Not Tangible Property.**

15

16     "Courts have traditionally refused to recognize as conversion the unauthorized taking of

17 intangible interests that are not merged with, or reflected in, something tangible. (*Adkins v. Model

18 Laundry Co.* (1928) 92 Cal. App. 575, 583 [268 P. 939] [business goodwill]; *Olschewski v.

19 Hudson* (1927) 87 Cal. App. 282, 286-288 [262 P. 43] [competitor's customer route]; *Faircloth v.

20 A.L. Williams & Associates* (1992) 206 Ga.App. 764 [426 S.E.2d 601, 604-605] [unpaid

21 commissions not evidenced by a receipt or certificate]; *Matzan v. Eastman Kodak Co.* (1987) 134

22 A.D.2d 863 [521 N.Y.S.2d 917, 918] [no protected interest in an idea].)" *Thrifty-Tel, Inc. v.

23 Bezenek* (1996) 46 Cal.App.4th 1559, 1565.

24     Plaintiff alleges that all Defendants are liable for conversion as a result of Defendants' use

25 of MTI's information and trade secrets without authority and removing such information from

26 MTI's computers.

27     Property that is incorporeal, intangible, intellectual, or which exists separate and apart from

28 the property rights in the paper on which it is written, or the physical substance in which it is

1 | embodied, is not considered personal property subject to conversion. *Melchior v. New Line Prods.,*

2 | *Inc.* (2003) 106 Cal. App. 4th 779, 792. As a result, because Plaintiff does not allege that

3 | Defendants have misappropriated any real property Plaintiff's cause of action for conversion is

4 | improper and should be dismissed.

5 | **VII.    CONCLUSION**

6 | For the foregoing reasons, this Court should dismiss MTI's adversary proceeding against

7 | Defendants for lack of subject matter jurisdiction, or in the alternative, to abstain from hearing this

8 | proceeding. Should this Court determine that it has jurisdiction to preside over this adversary

9 | proceeding, MTI's First through Ninth (1-9), Eleventh and Twelfth (11-12), and Eighteenth

10 | through Twenty-Third (18-23) causes of action should be dismissed pursuant to *FRCP* 12.

11 | DATED: April 15, 2010

**LYNBERG & WATKINS**
A Professional Corporation

By: _____
**NORMAN J. WATKINS**
**COURTNEY L. HYLTON**
Attorneys for All Defendants

21

MOTION TO DISMISS OR IN THE ALTERNATIVE ABSTAIN

Case Name:    ***MTI Technology Corporation v. FusionStorm, et al.***
Case No.:    8:07-bk-13347-ES (Adv. No. 8:09-01639 ES)

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3
4

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 City Boulevard. West, Suite #640, Orange, California 92868.

5
6

     On **April 15, 2010**, I served the foregoing document(s) described as **NOTICE OF WITHDRAWAL OF DEFNDANT FUSIONSTORM'S MOTION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

7

8
9
10

Scott C. Clarkson, Esq.
Eve A. Marsella, Esq.
Israel Saperstein, Esq.
CLARKSON, GORE & MARSELLA, APLC
3424 Carson Street, Suite #350
Torrance, CA 90503

11
12

(310) 542-0111
(310) 214-7254

13

Counsel For Plaintiff

14
15

☒   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Orange, California.

16
17

☒   **BY ELECTRONIC TRANSFER:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via electronic transfer (facsimile) at the respective telephone numbers indicated above.

18
19

☐   **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

20

☐   **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

21

☐   **(State)**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct

22
23

☒   **(Federal)**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

Executed on **April 15, 2010**, at Orange, California

25
26
27

_____
PIA BORETO-MOSH

28

i

**PROOF OF SERVICE**